[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 48.]

COLUMBUS BAR ASSOCIATION *v*. REED.

[Cite as *Columbus Bar Assn. v. Reed*, 2000-Ohio-270.]

*Attorneys at law—Misconduct—Six-month suspension with entire suspension stayed—Engaging in conduct adversely reflecting on fitness to practice law—Neglecting an entrusted legal matter—Failing to seek lawful objectives of client—Failing to carry out contract of employment.*

(No. 99-1559—Submitted October 12, 1999—Decided February 9, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-18.

_____

{¶ 1} After the Fourth District Court of Appeals affirmed the felony conviction of Adam Sanders, his mother, Debra Carpenter, asked respondent, Joseph D. Reed of Columbus, Ohio, Attorney Registration No. 0025938, to file an appeal for Sanders in the Supreme Court of Ohio. Respondent agreed to file the appeal for a fee of $5,000, and advised Carpenter that if she was unable to pay the entire fee before the filing deadline of January 20, 1997, she should have the public defender file a notice of appeal to preserve Sanders's rights.

{¶ 2} Carpenter paid respondent $1,000 before the deadline, and he deposited the money in his trust account. On February 27, 1997, Carpenter paid respondent an additional $4,000, and he deposited this amount into his firm account together with the $1,000 previously paid. At that time, respondent represented to Carpenter that even though the time for appeal had passed, there were substantial grounds for the delayed appeal that he would file.

{¶ 3} Respondent did not take any further action in Sanders's case, failed to tell Sanders and Carpenter that he had not acted, and failed to return the $5,000 to Carpenter until she filed a grievance with relator, Columbus Bar Association.

**{¶ 4}** Relator filed a complaint charging that respondent's representations, actions, and failure to act violated several Disciplinary Rules. After respondent answered, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") found the above facts as stipulated to by the parties.

**{¶ 5}** The panel concluded that respondent violated DR 1-102(A)(6) (engaging in conduct adversely reflecting on an attorney's fitness to practice law), 2-106(A) (collecting a clearly excessive fee), 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(1) (failing to seek the lawful objectives of a client), and 7-101(A)(2) (failing to carry out a contract of employment). Based on mitigating circumstances relating to respondent's previously unblemished record, his remorse, and his commitment to practice properly in the future, the panel recommended that the respondent be publicly reprimanded. The board adopted the findings and conclusions of the panel but recommended that the respondent be suspended from the practice of law for six months with the entire suspension stayed.

————————————

*Terry K. Sherman* and *Bruce A. Campbell,* for relator.

*Joseph D. Reed*, *pro se*.

————————————

***Per Curiam.***

**{¶ 6}** We adopt the findings and conclusions of the board, except the conclusion that respondent violated DR 2-106(A), as to which we make no finding. We also adopt the recommendation of the board. Respondent is hereby suspended from the practice of law for six months with the entire six-month suspension stayed. Costs are taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., PFEIFER and COOK, JJ., dissent.

————————————

**COOK, J., dissenting.**

**{¶ 7}** I agree with the majority that suspension is the appropriate sanction here, but I respectfully dissent from the majority's decision to stay respondent's suspension.

**{¶ 8}** Respondent accepted the $4,000 balance of his fee for an appeal to this court over a month after the deadline for Sanders's appeal had passed. Respondent told his client that there were substantial grounds for a delayed appeal, then failed to file a motion for delayed appeal and notice of appeal. Indeed, respondent failed to take any action after receiving the funds, and failed to return the fee until Carpenter filed a grievance with relator.

**{¶ 9}** When respondent neglected an entrusted legal matter in violation of DR 6-101(A)(3), respondent violated the duty of diligence that he owed to his client. His was a knowing violation. "Suspension is generally appropriate when * * * a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client." ABA Standards for Imposing Lawyer Sanctions, Standard 4.42(a).[1] Suspension is also an appropriate sanction for respondent's violations of DR 1-102(A)(6), 7-101(A)(1), and 7-101(A)(2), which constituted knowing violations of respondent's duties of candor and diligence. See *id.*, Standards 4.62 and 4.42.

**{¶ 10}** In my view, the mitigating factors mentioned in the panel and board reports are insufficient to warrant staying respondent's suspension. "Absence of a prior disciplinary record" is a mitigating factor under the board's recently proposed guidelines.[2] But remorse for misdeeds, a commitment to practice law properly, and the absence of a disciplinary record are qualities that we *expect* of every attorney

---

1. ABA Center for Professional Responsibility, Standards for Imposing Lawyer Sanctions (1991 & Amend.1992).
2. Board of Commissioners on Grievances and Discipline, Proposed Rules and Regulations Governing Procedure on Complaints and Hearings, Section 10(B)(1), Guidelines for Imposing Lawyer Sanctions.

who takes the oath to practice law in this state. See Gov.Bar R. I(8)(A). Thus, in the absence of more compelling mitigating factors, I would not stay the entirety of respondent's suspension.

MOYER, C.J., and PFEIFER, J., concur in the foregoing dissenting opinion.

_____