48

COLUMBUS BAR ASSOCIATION *v.* REED.

[Cite as *Columbus Bar Assn. v. Reed* (2000), 88 Ohio St.3d 48.]

(No. 99–1559—Submitted October 12, 1999—Decided February 9, 2000.)

*Terry K. Sherman* and *Bruce A. Campbell,* for relator.

*Joseph D. Reed, pro se.*

---

**Per Curiam.** We adopt the findings and conclusions of the board, except the conclusion that respondent violated DR 2–106(A), as to which we make no finding. We also adopt the recommendation of the board. Respondent is hereby suspended from the practice of law for six months with the entire six-month suspension stayed. Costs are taxed to respondent.

*Judgment accordingly.*

---

DOUGLAS, RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., PFEIFER and COOK, JJ., dissent.

---

COOK, J., **dissenting.** I agree with the majority that suspension is the appropriate sanction here, but I respectfully dissent from the majority's decision to stay respondent's suspension.

Respondent accepted the $4,000 balance of his fee for an appeal to this court over a month after the deadline for Sanders's appeal had passed. Respondent told his client that there were substantial grounds for a delayed appeal, then failed to file a motion for delayed appeal and notice of appeal. Indeed, respondent failed to take any action after receiving the funds, and failed to return the fee until Carpenter filed a grievance with relator.

When respondent neglected an entrusted legal matter in violation of DR 6–101(A)(3), respondent violated the duty of diligence that he owed to his client. His was a knowing violation. "Suspension is generally appropriate when * * * a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client." ABA Standards for Imposing Lawyer Sanctions, Standard 4.42(a).[1] Suspension is also an appropriate sanction for respondent's violations of DR 1–102(A)(6), 7–101(A)(1), and 7–101(A)(2), which constituted

---

1. ABA Center for Professional Responsibility, Standards for Imposing Lawyer Sanctions (1991 & Amend.1992).

knowing violations of respondent's duties of candor and diligence. See *id.*, Standards 4.62 and 4.42.

In my view, the mitigating factors mentioned in the panel and board reports are insufficient to warrant staying respondent's suspension. "Absence of a prior disciplinary record" is a mitigating factor under the board's recently proposed guidelines.[2] But remorse for misdeeds, a commitment to practice law properly, and the absence of a disciplinary record are qualities that we *expect* of every attorney who takes the oath to practice law in this state. See Gov.Bar R. I(8)(A). Thus, in the absence of more compelling mitigating factors, I would not stay the entirety of respondent's suspension.

MOYER, C.J., and PFEIFER, J., concur in the foregoing dissenting opinion.

---

2. Board of Commissioners on Grievances and Discipline, Proposed Rules and Regulations Governing Procedure on Complaints and Hearings, Section 10(B)(1), Guidelines for Imposing Lawyer Sanctions.