[This decision has been published in *Ohio Official Reports* at 90 Ohio St.3d 529.]

CUYAHOGA COUNTY BAR ASSOCIATION *v*. MUTTALIB.

[Cite as *Cuyahoga Cty. Bar Assn. v. Muttalib*, 2001-Ohio-10.]

*Attorneys at law—Misconduct–Indefinite suspension—Engaging in illegal conduct involving moral turpitude—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct adversely reflecting on fitness to practice law—Neglecting an entrusted legal matter—Failing to promptly pay all funds that client is entitled to receive—Failing to cooperate with disciplinary investigation.*

(No. 00-1550—Submitted October 17, 2000—Decided January 3, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-73.

————————————

*Per Curiam.*

{¶ 1} On December 10, 1999, relator, Cuyahoga County Bar Association, filed a six-count amended complaint charging respondent, Kalam Muttalib, Attorney Registration No. 0031397, whose last known residence was Cleveland, Ohio, with multiple violations of the Code of Professional Responsibility and the Rules for the Government of the Bar. Respondent did not answer the complaint, and relator filed a motion for default.[1] Respondent did not respond to this motion, and, consequently, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court granted relator's motion.

{¶ 2} According to the record, Simon Hunter retained respondent on March 10, 1997, to represent Hunter in a lawsuit to recover damages for faulty electrical

---

1. Because mail service on respondent was unsuccessful, the Board of Commissioners on Grievances and Discipline served the Clerk of the Supreme Court with the complaint and the motion for default under Gov.Bar R. V(11)(B).

work on Hunter's home. When Hunter's attempts to contact respondent failed, he began a search for him that lasted months. With great difficulty, Hunter located respondent. Answering Hunter's inquiry, respondent promised action on Hunter's case; however, respondent did nothing further on the case. Hunter had paid respondent $500 as a retainer, but respondent did not file a lawsuit on Hunter's behalf and did not refund Hunter's retainer.

{¶ 3} Next, Ella Kirksey Muhammad retained respondent in October 1996 to represent her in the appeal of a lawsuit. Respondent filed a notice of appeal in the case but did nothing further. Muhammad contacted the clerk of court, who informed her that the court had dismissed her appeal because respondent had not filed a brief. Muhammad had paid respondent $3,600, which respondent did not refund.

{¶ 4} Third, Elmer Luke retained respondent on December 9, 1996, to pursue an insurance claim for Luke. Respondent assured Luke that he was working on the claim. However, respondent failed to act, and Luke discharged him on May 5, 1997.

{¶ 5} Finally, respondent's wife, Kimetta Muttalib, informed the board that respondent had abandoned her and their four children in September 1997. She has learned that relator had married a woman while he was still married to Kimetta.

{¶ 6} A panel of the board found that respondent had violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law), 6-101(A)(3) (neglecting legal matter entrusted to attorney), 9-102(B)(4) (failure to promptly pay all funds that client is entitled to receive), and Gov.Bar R. V(4)(G) (failure to cooperate with disciplinary investigation).

{¶ 7} Relator recommended that the court permanently disbar respondent, and a majority of the panel agreed. The board adopted the findings of fact and

2

conclusions of law of the panel, but recommended that we indefinitely suspend respondent.

{¶ 8} We adopt the findings, conclusions, and recommendation of the board. We hereby indefinitely suspend respondent from the practice law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

_____

**COOK, J., dissenting.**

{¶ 9} I agree with the findings and conclusions of the board, but would disbar respondent as the panel recommended. As the panel found, respondent performed "practically no services" on behalf of the three clients named in the relator's complaint. And when respondent's inaction prompted these clients to try to contact him for an explanation, respondent engaged in "deceitful" misrepresentations and/or "totally disappeared," retaining over $4,000 in advances for costs and in unearned fees. The panel also found that respondent committed illegal conduct involving moral turpitude by engaging in bigamy.

{¶ 10} The board relied on "the facts involved in the three client incidents" and respondent's "absence of a prior disciplinary record" to depart from the panel's recommended sanction of disbarment. But "the facts involved in the three client incidents" are hardly mitigating. The "Findings of Fact" in the board report contain no mitigating information. Indeed, as the panel noted, "[r]espondent did not submit any information in mitigation since he never appeared to contest any of the matters that have been asserted against him." Respondent has never responded to the complaint, amended complaint, or motion for default in this matter, and a lack of cooperation in the disciplinary process is an *aggravating* factor under the board's

own Guidelines for Imposing Lawyer Sanctions.[2]  And because I do not believe that the absence of a prior disciplinary record, without more, is a compelling mitigating factor,[3] I would follow the panel's recommendation and disbar respondent.

MOYER, C.J., and LUNDBERG STRATTON, J., concur in the foregoing dissenting opinion.

————————————

*Kronenberg & Kronenberg* and *Jacob A. H. Kronenberg; Steuer, Escovar & Berk Co., L.P.A.,* and *Thomas J. Escovar*; and *Michael Mayer,* for relator.

————————————

---

2. Board of Commissioners on Grievances and Discipline, Rules and Regulations Governing Procedure on Complaints and Hearings, Section 10(B)(1)(e).

3. See *Columbus Bar Assn. v. Reed* (2000), 88 Ohio St.3d 48, 50, 723 N.E.2d 568, 569 (Cook, J., dissenting).