[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 243.]

CINCINNATI BAR ASSOCIATION *v.* WILSON.

[Cite as *Cincinnati Bar Assn. v. Wilson*, 2000-Ohio-147.]

*Attorneys at law—Misconduct—Six-month suspension stayed with probation— Neglecting an entrusted legal matter—Failing to seek lawful objectives of client—Failing to carry out contract of employment—Prejudicing or damaging client during course of professional relationship—Failing to cooperate in disciplinary investigation.*

(No. 98-2616—Submitted February 23, 2000—Decided June 28, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-38.

_____

{¶ 1} Respondent, Steven C. Wilson of Cincinnati, Ohio, Attorney Registration No. 0032952, filed a personal injury action on behalf of Joseph McAtee, in December 1991. Thereafter, he failed to inform his client that the defendant offered to settle the suit for $8,000.

{¶ 2} Later, in September 1994, respondent established a post office box as his mailing address and relied on the postal service to forward his mail. He notified relator, the Cincinnati Bar Association, of his change of address, but did not file change of address notices in any of his pending cases.

{¶ 3} On October 4, 1994, the defendant in the McAtee suit filed a motion for summary judgment, serving respondent at his previous office address. Respondent failed to respond or appear at the hearing, and in January 1995, the court granted summary judgment to the defendants and dismissed McAtee's suit with prejudice.

{¶ 4} Respondent told McAtee of the dismissal, and said that he intended to file a Civ.R. 60(B) motion in an attempt to "overturn" the decision. However,

respondent failed to file the motion timely, and in March 1996, he informed McAtee that his case was lost and nothing could be done. McAtee then sued respondent for malpractice, and respondent settled by signing a note for $7,500. As of September 1999, respondent had not paid anything on the note.

{¶ 5} On April 14, 1997, relator filed a complaint charging respondent with violating DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(1) (failing to seek the lawful objectives of a client), 7-101(A)(2) (failing to carry out a contract of employment with a client), 7-101(A)(3) (prejudicing or damaging a client during the course of a professional relationship), Gov.Bar R. V(4)(G) (failing to cooperate in a disciplinary investigation), and Gov.Bar R. VI(D) (failing to keep the Attorney Registration Office apprised of a current residence and office address). Respondent answered denying the charges, and a panel of the Board of Commissioners on Grievances and Discipline ("board") heard the matter on October 3, 1997.

{¶ 6} In response to evidence introduced at the hearing, the panel ordered a psychiatric examination of the respondent. Based on the results of that examination, the board certified the matter to the Supreme Court pursuant to Gov.Bar R. V(7)(B) (suspension for mental illness). The court, however, remanded the case to the board for an evidentiary hearing based on respondent's motion to vacate the certification on the ground that he had no opportunity to respond to the psychiatric examination. *Cincinnati Bar Assn. v. Wilson* (1999), 85 Ohio St.3d 1417, 707 N.E.2d 509.

{¶ 7} On remand, the panel found the facts as set forth herein and further that respondent had failed to cooperate with relator during its investigation. The panel concluded that respondent had violated DR 6-101(A)(3), 7-101(A)(1), 7-101(A)(2), 7-101(A)(3), and Gov.Bar R. V(4)(G). The panel found insufficient evidence that respondent was currently mentally ill, and in view of the fact that this

was an isolated incident in respondent's career, recommended that he be publicly reprimanded. The panel further recommended that respondent be assigned a mentor to help him in his practice and that he pay restitution of $8,000 to McAtee.

{¶ 8} The board adopted the findings and conclusions of the panel, but recommended that respondent be suspended from the practice of law for six months with the entire six months stayed and probation imposed. It further recommended that respondent be assigned a monitor selected by relator to assist him in his practice and that he pay restitution to McAtee.

_____

*E. Hanlin Bavely, James A. Vogele* and *Edwin W. Patterson III*, for relator.
*John H. Berlew*, for respondent.

_____

*Per Curiam.*

{¶ 9} We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law for six months with the entire six months stayed subject to being actually served should respondent fail to meet the conditions of his probation. The probation conditions include cooperation with a mentor as selected by relator and payment to McAtee, no later than six months from the date of this judgment, of $8,000 plus interest at the judgment rate from June 1995. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____