[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 385.]

OFFICE OF DISCIPLINARY COUNSEL *v*. HARP.

[Cite as *Disciplinary Counsel v. Harp*, 2001-Ohio-48.]

*Attorneys at law—Misconduct—Six-month suspension with entire six months stayed—Probation for six months with law practice monitored by a local attorney—Neglect of an entrusted legal matter—Intentionally failing to seek legal objectives of client—Failing to carry out contract for professional services—Prejudicing or damaging client during course of professional relationship.*

(No. 00-1891—Submitted December 13, 2000—Decided April 18, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-44.

_____

*Per Curiam*.

{¶ 1} In 1994, Gary York hired respondent, Edward Harp of Georgetown, Ohio, Attorney Registration No. 0023236, to appeal a finding of the Industrial Commission disallowing his workers' compensation claim. Respondent filed York's appeal, but failed to file a response when the state moved to dismiss for lack of prosecution. As a result, York's appeal was dismissed and respondent, after learning of the dismissal, took no action to attempt to set it aside.

{¶ 2} Earlier, in 1993, Mickel and Debbie Long engaged respondent and paid him $250 to collect a judgment in Tennessee. Respondent took no action in the matter until informed by the Longs in 1998 that the judgment debtor had moved to Virginia, when respondent engaged local counsel for assistance in that state. However, respondent not only failed to forward the necessary paperwork to local Virginia counsel, but he allowed the matter to languish for more than five years. During that time, the Longs became increasingly dissatisfied with respondent's

failure to communicate with them. In January 1999, respondent terminated the services of local counsel, and in February 1999, respondent himself withdrew from representation, leaving the Longs without counsel in either state.

{¶ 3} Still earlier, from 1987 through 1999, by meeting with Donald Crawford and preparing several complaints that were never filed, respondent led Crawford to believe that he would file a complaint in the Ohio Court of Claims for injuries that Crawford received while incarcerated in prison.

{¶ 4} Based on grievances received from York, the Longs, and Crawford, relator, Office of Disciplinary Counsel, filed an amended complaint on February 28, 2000, charging respondent with violation of several Disciplinary Rules. Respondent answered, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 5} After conducting a hearing and receiving stipulations of the parties, the panel found the facts as stated and concluded that in each matter respondent's conduct had violated DR 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(1) (intentionally failing to seek the legal objectives of the client), 7-101(A)(2) (failing to carry out a contract for professional services), and 7-101(A)(3) (prejudicing or damaging a client during the course of the professional relationship).

{¶ 6} In mitigation, the panel found that respondent had demonstrated remorse. Respondent admitted that he had failed to properly calendar the York matter and had not followed through for the Longs, who had a malpractice action pending against him. In addition, Crawford had been a long-term client of respondent's and from 1987 through 1999, respondent had handled numerous matters for Crawford, including a potential divorce action, a charge of disorderly conduct, a bankruptcy for him and his wife, and a case involving Crawford's daughter. Respondent explained that his investigation of Crawford's prison stay revealed that Crawford was guilty not only of the crimes of which he was convicted,

but also of other felonies. Moreover, respondent could develop no facts to support Crawford's alleged mistreatment in prison. In further mitigation, the panel found that as late as January 2000, Crawford continued to contact respondent for legal representation in other matters. Finally, the panel found that respondent presented evidence that he had taken steps to reduce his caseload, increase his staff, and adopt management practices to avoid these problems in the future.

{¶ 7} The panel recommended that respondent be suspended from the practice of law for six months with the entire six months stayed and that for the next year respondent be placed on probation, with his law practice monitored by a local attorney selected by the mutual consent of the relator and the respondent. The board adopted the findings and conclusions of the panel, but modified the recommendation to reduce the probation period to six months.

{¶ 8} After a review of the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law for six months with the entire six months stayed. Effective immediately, respondent is placed on probation for six months, with his law practice to be monitored by a local attorney selected by relator and respondent. Failure to satisfy the conditions of his probation will result in reinstatement of respondent's stayed suspension. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

*Jonathan E. Coughlan,* Disciplinary Counsel, and *Kenneth R. Donchatz*, Assistant Disciplinary Counsel, for relator.

*Peter Rosenwald,* for respondent.

———————————