[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 50.]

DAYTON BAR ASSOCIATION *v.* SEBREE.

[Cite as *Dayton Bar Assn. v. Sebree*, 2002-Ohio-2987.]

*Attorneys at law—Misconduct—Six-month suspension with entire six months stayed with conditions—Neglect of an entrusted legal matter—Failing to seek lawful objectives of client—Failing to carry out contract for professional services.*

(No. 2002-0315—Submitted May 8, 2002—Decided July 3, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-58.

———————————

**Per Curiam.**

{¶1} In the early spring of 2000, Angelina Paulino retained respondent, Ronald H. Sebree of Dayton, Ohio, Attorney Registration No. 0063210, to represent her in a breach-of-contract matter involving home improvements. For many months thereafter, respondent failed to respond to numerous telephone calls from Paulino and failed to update her on the status of her case. Respondent eventually contacted Paulino to obtain money from her to commence an action on her behalf. Upon receipt of the money, respondent filed a complaint alleging breach of contract and other claims, but it took respondent almost four months to perfect service on the named defendant.

{¶2} While her case was pending with service not yet perfected, Paulino filed a grievance with relator, Dayton Bar Association. During relator's investigation of Paulino's grievance, its investigator determined that Paulino's case was languishing, that a counterclaim had been filed by the defendant against Paulino, and that Paulino needed active legal representation. Paulino then employed different counsel to proceed in the case.

**{¶3}** In May 2000, Kathryn Bush retained respondent in a collection matter. Numerous subsequent attempts by Bush to contact respondent failed, and respondent took no action to prosecute Bush's claim. Respondent later could not locate Bush's file. During this time, respondent had overscheduled himself, was busy, and was not taking new clients. Respondent did not return Bush's inquiries because he did not realize that she was an existing client.

**{¶4}** Respondent thereafter located Bush's file and refunded her retainer and filing fees. Due to a mathematical error in his checking account, the check was returned for insufficient funds. Respondent later issued a separate check to Bush.

**{¶5}** On June 11, 2001, relator filed a complaint charging respondent with violating DR 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(1) (failing to seek lawful objectives of client through reasonably available means permitted by law and the Disciplinary Rules), and 7-101(A)(2) (failing to carry out an employment contract for professional services).

**{¶6}** The parties filed a document that set forth agreed stipulations of fact, agreed Disciplinary Rule violations, and agreed recommended sanctions. In their agreement, the parties specified that the "complaints looked at individually are not heinous and do not represent intentional wrongdoing on the Respondent's par[t], but are indicative of an overall pattern that suggests the Respondent needs assistance, guidance and counseling in regard to his time and practice management skills." The parties stipulated that respondent had violated DR 6-101(A)(3) in the Paulino matter and DR 7-101(A)(1) and (2) in the Paulino and Bush matters. The parties recommended that respondent be suspended from the practice of law for six months, but that the suspension be stayed provided that respondent agree to have his office practices and management skills monitored and reviewed by a representative of relator for one year or longer if the monitor feels that it is necessary, that respondent agree to attend a seminar on office-management skills, preferably one specifically aimed at office-management and time-management

skills for lawyers, and that respondent receive any further education or advice or perform any other acts that relator's monitor recommends during the monitoring period.

**{¶7}** The matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court, and the panel adopted the facts, conclusions, and recommended sanctions agreed to by the parties. The board adopted the findings, conclusions, and recommendation of the panel and further recommended that the costs of the proceeding be taxed to respondent.

**{¶8}** We adopt the findings, conclusions, and recommendation of the board. A six-month suspension from the practice of law with the entire period stayed upon the specified conditions is an appropriate sanction. See, e.g., *Disciplinary Counsel v. Harp* (2001), 91 Ohio St.3d 385, 745 N.E.2d 1032, where we imposed a comparable sanction for conduct violating DR 6-101(A)(3), 7-101(A)(1), 7-101(A)(2), and 7-101(A)(3) where the attorney took steps to reduce his caseload, increase his staff, and adopt management practices to avoid future problems; see, also, *Cincinnati Bar Assn. v. Wilson* (2000), 89 Ohio St.3d 243, 730 N.E.2d 957.

**{¶9}** Respondent is hereby suspended from the practice of law in Ohio for six months, with the entire six months stayed provided that respondent permit his office practices and management skills to be monitored and reviewed by a representative of relator for at least one year, that respondent attend a seminar on office-management skills, preferably one specifically aimed at office-management and time-management skills for lawyers, and that respondent receive any further education or advice or perform any other acts that relator's monitor recommends during the monitoring period. Failure to satisfy these conditions will result in the reinstatement of respondent's stayed suspension. Costs are taxed to respondent.

Judgment accordingly.

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., dissents because he would suspend respondent for six months without stay.

_____

Canice Joseph Fogarty, Jr., for relator.

Ronald H. Sebree, pro se.

_____