[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 52.]

CLEVELAND BAR ASSOCIATION *v*. MORRISON.

[Cite as *Cleveland Bar Assn. v. Morrison*, 2002-Ohio-2991.]

*Attorneys at law—Misconduct—Six-month suspension with entire six months stayed—Neglect of an entrusted legal matter—Failing to carry out contract of employment—Intentionally prejudicing or damaging client during course of professional relationship.*

(No. 2002-0317—Submitted April 10, 2002—Decided July 3, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-73.

_____

PER CURIAM.

{¶1} In June 1999, Michael T. Vietti hired respondent, Harvey S. Morrison of Cleveland, Ohio, Attorney Registration No. 0015230, and paid him a $1,000 "suit fee" plus court costs of $100 to file suit against Angelo Benedetti, Inc. for sales commissions that Vietti claims he earned but was not paid while working for Benedetti. Respondent was also to receive one-third of any recovery by Vietti after expenses and credit for the "suit fee."

{¶2} Respondent filed suit on behalf of Vietti in the Cuyahoga County Common Pleas Court. When the defendant in the suit sent interrogatories to respondent, he forwarded them to Vietti to answer. After Vietti returned the interrogatories to respondent with his handwritten answers, respondent said he would have the answers typed and submit the typewritten copy to Vietti for signature.

{¶3} Respondent did not send the typewritten responses to Vietti for his signature, and Vietti could not contact respondent despite numerous attempts to do so. In the meantime, the defendant in the lawsuit filed a motion for summary

judgment, respondent did not reply on behalf of Vietti, and in May 2000 the court granted summary judgment in favor of the defendant.

**{¶4}** Respondent did not inform Vietti of the summary judgment motion, or his failure to respond, or the court's order granting the motion. In fact, when Vietti finally was able to speak with respondent in October 2000, respondent told Vietti that he would send the typewritten interrogatories immediately, leading Vietti to believe that his case was still pending when, in fact, judgment had been entered against him in May 2000.

**{¶5}** Vietti discharged respondent, and respondent returned the "suit fee" to Vietti.

**{¶6}** On August 13, 2001, relator, Cleveland Bar Association, filed a complaint charging that this conduct of respondent violated several Disciplinary Rules. Respondent answered, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court.

**{¶7}** Based on the stipulations of the parties, respondent's answer, and testimony received at a hearing on December 13, 2001, the panel found the facts as alleged and concluded that respondent's inaction and failure to keep Vietti informed of the status of his case violated DR 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 7-101(A)(2) (a lawyer shall not fail to carry out a contract of employment), and 7-101(A)(3) (a lawyer shall not intentionally prejudice or damage his client during course of professional relationship).

**{¶8}** In mitigation, the panel found that respondent had not previously been subject to a disciplinary action during his 40 years of practice and that he admitted his misconduct and demonstrated true remorse for it. The panel recommended that respondent be suspended from the practice of law for six months with all six months stayed. The board adopted the findings, conclusions, and recommendation of the panel.

{¶9} Upon examination of the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law in Ohio for a period of six months with the entire six months stayed. Costs are taxed to respondent.

Judgment accordingly.

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., dissents because he would stay a one-year suspension.

————————————

Donald Cybulski and Denise L. Platfoot, for relator.

Harvey S. Morrison, pro se.

————————————