CUYAHOGA COUNTY BAR ASSOCIATION *v.* SHERMAN.

[Cite as *Cuyahoga Cty. Bar Assn. v. Sherman,*
101 Ohio St.3d 158, 2004-Ohio-340.]

(No. 2003–1810—Submitted December 1, 2003—Decided February 11, 2004.)

_____

**Per Curiam.**

{¶ 1} Respondent, Dennis H. Sherman of Cleveland, Ohio, Attorney Registration No. 0003620, was admitted to the Ohio bar in 1966. On April 14, 2003, relator, Cuyahoga County Bar Association, filed a complaint charging respondent with violations of the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement, which included a joint recitation of the facts, admitted misconduct, and suggested sanction. See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline.

{¶ 2} The parties agreed that a married couple had retained respondent to recover damages incurred during a failed remodeling project of their home. The couple paid respondent $700 on August 8, 1998, and he later consulted the builder about the work necessary to complete the remodeling project. Respondent also threatened legal action if the matter could not be resolved, including a negligence suit for injuries sustained by one of his clients who fell at the construction site.

{¶ 3} The couple did not hear from respondent again until February 6, 1999, when he suggested that they hire an expert to survey the builder's work and assess the needed repairs and reparations. The couple hired an expert for $500 and also paid $200 for another evaluation of the project. Respondent spoke with his clients once more, on April 14, 1999, but then stopped returning their calls and ignored their other efforts to contact him. Not until the clients filed their grievance did respondent communicate with them again.

{¶ 4} The parties agreed that respondent had violated DR 6–101(A)(3) (neglecting an entrusted legal matter) and 1–102(A)(6) (engaging in conduct that adversely reflects on an attorney's fitness to practice law) in his representation of the couple remodeling their home. The parties also agreed that respondent had violated 9–102(A) (failing to maintain client funds in a separate identifiable bank account) because in returning the couple's $700 fee, he paid them by a check that was not drawn from his client trust account. The panel accepted the consent-to-discipline agreement and, in doing so, found the agreed-upon misconduct.

{¶ 5} The parties also agreed on the absence of any aggravating considerations and jointly submitted the following as mitigating: (1) the commingling in this case was an isolated event inasmuch as respondent typically maintained client funds in a trust account, (2) he quickly made restitution to his clients upon learning of their grievance and otherwise cooperated in the disciplinary proceedings, (3) he accepted his responsibility and apologized for his misconduct, (4) he had not neglected his clients deliberately or in his own interest, and (5) he had no prior disciplinary record. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline. The parties suggested that respondent be suspended from the practice of law for six months for this misconduct, with the entire suspension period stayed, and the panel agreed to recommend this sanction after taking into account the mitigating features. The board also adopted the consent-to-discipline agreement, finding that respondent committed the cited misconduct and recommending a six-month suspension, all stayed.

{¶ 6} We agree that respondent violated DR 1–102(A)(6), 6–101(A)(3), and 9–102(A) and that this misconduct warrants a six-month suspension, all stayed, consistent with the parties' consent-to-discipline agreement. As the parties note, we have imposed similar sanctions in prior cases when convinced by extenuating

circumstances that an attorney will not neglect another client's case. *Dayton Bar Assn. v. Sebree,* 96 Ohio St.3d 50, 2002-Ohio-2987, 770 N.E.2d 1009; *Cleveland Bar Assn. v. Morrison,* 96 Ohio St.3d 52, 2002-Ohio-2991, 770 N.E.2d 1011.

{¶ 7} Accordingly, respondent is suspended from the practice of law in Ohio for six months; however, imposition of the suspension is stayed on the condition that he commit no further misconduct during the period. If respondent violates this condition, the stay shall be lifted and respondent shall serve the full term of suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————

Harry J. Jacob III, for relator.

Niki Z. Schwartz, for respondent.