DAYTON BAR ASSOCIATION *v.* SEBREE.

[Cite as *Dayton Bar Assn. v. Sebree,*
111 Ohio St.3d 297, 2006-Ohio-5788.]

(No. 2004–1060—Submitted August 8, 2006—Decided November 22, 2006.)

**Per Curiam.**

{¶ 1} Respondent, Ronald Howard Sebree of Columbus, Ohio, Attorney Registration No. 0063210, was admitted to the Ohio bar in 1994. On July 3, 2002, we suspended respondent's license to practice law for six months, but stayed that suspension, for violations of the following Disciplinary Rules: DR 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), 7–101(A)(1) (requiring a lawyer to seek the lawful objectives of a client through reasonable means), and 7–101(A)(2) (prohibiting a lawyer from intentionally failing to carry out a contract of professional employment). *Dayton Bar Assn. v. Sebree,* 96 Ohio St.3d 50, 2002-Ohio-2987, 770 N.E.2d 1009.

{¶ 2} On December 11, 2002, relator, Dayton Bar Association, filed an amended complaint charging respondent with additional professional misconduct. Respondent was served with a copy of the amended complaint but did not answer, and relator moved for default under Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion and made findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

{¶ 3} When this court reviewed the board's report, however, we concluded that the record presented to us "lack[ed] the reliable evidentiary support required to support the charges of misconduct against respondent on a motion for default." *Dayton Bar Assn. v. Sebree,* 104 Ohio St.3d 448, 2004-Ohio-6560, 820 N.E.2d 318, ¶ 16. We therefore returned the case to the board for further proceedings, "including the submission and consideration of evidence that directly establishes the charges of respondent's misconduct." Id.

{¶ 4} Relator then filed a second motion for default against respondent, but the master commissioner appointed by the board denied that motion, concluding that the affidavit attached to the motion did not support the allegations of misconduct alleged in the amended complaint. In accordance with Gov.Bar R. V(6)(F)(2) and

(G), a panel of the board then held a hearing on the amended complaint in March 2006. Following the hearing, the panel prepared written findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

## Misconduct

{¶ 5} At the hearing, relator voluntarily dismissed the fourth, fifth, and sixth counts of the amended complaint, acknowledging that the clear and convincing evidence required by Gov.Bar R. V(6)(J) was not available to prove the allegations in those counts because a key witness could not be located. We will therefore consider the evidence presented in support of the remaining allegations in the amended complaint.

### Count I

{¶ 6} Respondent admitted at the disciplinary hearing that he had not maintained a client trust account at a bank while engaged in the private practice of law in 2000 and 2001. He also acknowledged that he had accepted funds from at least one client during that time period.

{¶ 7} The board found that respondent's actions violated DR 9–102(A) (requiring lawyers to maintain client funds in a separate, identifiable bank account).

### Count II

{¶ 8} Respondent acknowledged that he did not keep a ledger or other written records of the funds that he received from clients while practicing law. An attorney appointed by relator to mentor respondent and to monitor respondent's office practices also testified at the disciplinary hearing that respondent could not provide him with copies of bank statements for client funds in respondent's possession, aside from one bank statement showing a negative account balance. Another attorney who met with respondent in 2001 on relator's behalf found that respondent had not kept any records of payments from a client in the client's file.

{¶ 9} The board found that respondent's actions violated DR 9–102(B)(3) (requiring lawyers to maintain complete records and render appropriate accounts of clients' property).

### Count III

{¶ 10} An attorney who met with respondent in 2001 on relator's behalf testified at the disciplinary hearing that respondent admitted to her that he had not maintained malpractice insurance and had not advised his clients about that fact.

{¶ 11} The board found that respondent's actions violated DR 1–104 (requiring an attorney who does not maintain adequate professional-liability insurance to so advise his or her clients in writing).

## Sanction

{¶ 12} Relator recommended that respondent be permanently disbarred. The panel and the board instead recommended that respondent be suspended from the practice of law for two years, with one year stayed on specified conditions. Respondent has filed no objections to the board's findings or its recommendation.

{¶ 13} We have reviewed the board's report and the record, and we find that respondent violated all of the provisions as described above. We also adopt the board's recommended sanction.

{¶ 14} In imposing a sanction for attorney misconduct, we consider the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The aggravating factors in this case include respondent's prior disciplinary offenses, his lack of cooperation with relator's efforts to monitor his office practices during the stayed suspension period that we imposed in respondent's 2002 disciplinary case, and his multiple offenses in this second disciplinary matter. BCGD Proc.Reg. 10(B)(1)(a), (d), and (e).

{¶ 15} The one mitigating factor evident from the record is the absence of a dishonest or selfish motive on respondent's part. BCGD Proc.Reg. 10(B)(2)(b).

{¶ 16} After weighing the aggravating and mitigating factors in this case, we agree with the recommended sanction. Respondent's primary failing appears to be his inattentive and sloppy management of his law practice. We identified similar problems when we imposed a stayed suspension in respondent's earlier case, and those problems prompted us to order that respondent "permit his office practices and management skills to be monitored and reviewed by a representative of relator for at least one year, that respondent attend a seminar on office-management skills, * * * and that respondent receive any further education or advice or perform any other acts that relator's monitor recommends during the monitoring period." *Dayton Bar Assn. v. Sebree*, 96 Ohio St.3d 50, 2002-Ohio-2987, 770 N.E.2d 1009, ¶ 9. Respondent seems not to have taken the monitor's recommendations to heart, and a period of actual suspension from the practice of law is now warranted.

{¶ 17} We have imposed a two-year suspension, with one year stayed, in similar cases. See, e.g., *Disciplinary Counsel v. Shaw*, 110 Ohio St.3d 122, 2006-Ohio-3821, 851 N.E.2d 487 (attorney failed to inform his clients that he did not maintain malpractice insurance, failed to deposit client funds in a trust account,

and committed other offenses); *Cuyahoga Cty. Bar Assn. v. Jurczenko,* 106 Ohio St.3d 123, 2005-Ohio-4101, 832 N.E.2d 720 (attorney failed to inform clients of his lack of malpractice insurance, failed to repay client funds, and neglected client matters).

{¶ 18} Accordingly, respondent is hereby suspended from the practice of law for two years, with the second year of the suspension stayed provided that respondent (1) commit no further misconduct during the suspension period, (2) comply with the continuing legal education requirements of Gov.Bar R. X, and (3) upon reinstatement, allow an attorney appointed by relator to monitor his law-office management practices and his compliance with the rules governing the professional conduct of attorneys in Ohio during the stayed suspension period. If respondent violates any of these conditions, the stay will be lifted, and respondent will serve the entire term as a period of actual suspension.

{¶ 19} In addition, if reinstated, respondent shall be placed on probation for the second year of his two-year suspension in accordance with Gov.Bar R. V(6)(B)(4) to ensure that he maintains an ethical and competent legal practice. During the period of probation, respondent's law practice must be monitored by a monitoring attorney appointed by relator in accordance with Gov.Bar R. V(9).

{¶ 20} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———————

C.J. Fogarty, for relator.

Ronald H. Sebree, pro se.