**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Simmonds,* **Slip Opinion No. 2016-Ohio-5599.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5599

DISCIPLINARY COUNSEL *v*. SIMMONDS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Simmonds,* Slip Opinion No. 2016-Ohio-5599.]**

*Attorneys—Misconduct—Failure to act with reasonable diligence—Failure to comply as soon as practicable with reasonable requests from clients for information—Failure to advise client that fee may be refundable if representation not completed—One-year suspension, fully stayed on conditions.*

(No. 2016-0259—Submitted April 5, 2016—Decided September 1, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-047.

_____

**Per Curiam.**

{¶ 1} Respondent, Rasheed Asani Simmonds of Cincinnati, Ohio, Attorney Registration No. 0067797, was admitted to the practice of law in Ohio in 1997. In

August 2015, relator, disciplinary counsel, filed a complaint with the Board of Professional Conduct charging Simmonds with professional misconduct in three client matters. The chairperson of the panel assigned to hear the matter granted the parties' joint motion to waive a hearing, and the case was submitted to the panel on the parties' agreed stipulations of fact, rule violations, and recommended sanction. The board has issued a report finding that Simmonds engaged in most of the charged misconduct and recommending that we sanction him with a one-year suspension, fully stayed on conditions.

{¶ 2} Based on our review of the record, we adopt the board's findings of fact and misconduct and its recommended sanction.

**Misconduct**

*Count one—the Mary Baskin matter*

{¶ 3} In May 2012, Mary Baskin paid Simmonds $1,500 to file with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against her former employer. About two months later, Baskin e-mailed Simmonds seeking an update on her case. In response, Simmonds wrote that he would send her a draft of the EEOC charge, but he failed to draft or forward the document. Four months later, Baskin again e-mailed Simmonds requesting information about her case. Simmonds, however, failed to respond. He likewise failed to respond to e-mails that Baskin sent him in February 2013 and January 2014. In May 2014— two years after she first retained him—Baskin contacted Simmonds, and he told her that he would set up a meeting. Simmonds later admitted that he failed to file Baskin's complaint within the applicable statute of limitations. He also failed to refund any portion of her $1,500 retainer.

{¶ 4} Based on this conduct, the parties stipulated and the board found that Simmonds violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client) and 1.4(a)(4) (requiring a lawyer to comply as

soon as practicable with reasonable requests for information from a client). We agree with these findings of misconduct.

*Count two—the Dawn Jones matter*

{¶ 5} In June 2014, Dawn Jones retained Simmonds to represent her in an employment matter, and she signed a fee agreement in which she agreed to pay both a contingency fee and an "upfront, flat fee of $1,750." Contrary to the provision in Prof.Cond.R. 1.5(d)(3) regarding fees denominated as "earned upon receipt" or in similar terms, Simmonds did not advise Jones that if he did not complete his representation, she might be entitled to a refund of all or part of that upfront, flat fee. Jones paid $975 toward the flat fee. About a month after engaging Simmonds, she sought an update on her case. Simmonds told her that he would have a draft complaint ready within a couple of weeks. About a month later, Jones e-mailed Simmonds, again asking about the status of her case, and Simmonds responded that he would expedite the matter.

{¶ 6} However, after another month during which Simmonds failed to contact Jones, she asked him about a refund and about pursuing her case pro se. Simmonds agreed to refund her fee, but he failed to do so, even though Jones called him several times attempting to secure at least a partial refund of her money.

{¶ 7} Based on this conduct, the parties stipulated and the board found that Simmonds violated Prof.Cond.R. 1.3, 1.4(a)(4), and 1.5(d)(3) (prohibiting a lawyer from charging a fee denominated as "earned upon receipt" or in similar terms without simultaneously advising the client in writing that the client may be entitled to a refund of all or part of the fee if the lawyer does not complete the representation). We agree.

*Count three—the Tonya Bowman matter*

{¶ 8} In 2013, Simmonds represented Tonya Bowman in a civil suit against a doctor and his medical group. Simmonds settled Bowman's claim with the medical group and successfully tried the case against the doctor. The medical

group, however, began making late payments on the settlement award, and Simmonds filed a motion to enforce the settlement. Bowman thereafter attempted to contact Simmonds on numerous occasions, requesting information about the settlement, an accounting of and receipts for all settlement payments, and an update regarding how he planned to collect the judgment against the doctor. Simmonds, however, failed to respond to Bowman's messages.

{¶ 9} Based on this conduct, the parties stipulated and the board found that Simmonds violated Prof.Cond.R. 1.4(a)(4). We agree with this finding of misconduct.

## Sanction

{¶ 10} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, relevant aggravating and mitigating factors, and the sanctions imposed in similar cases. *See* Gov.Bar R. V(13)(A).

### *Aggravating and mitigating factors*

{¶ 11} The board found the following aggravating factors: Simmonds engaged in multiple offenses, he failed to pay restitution, and by failing to file Baskin's EEOC charge within the statute of limitations, he harmed a client's case. *See* Gov.Bar R. V(13)(B)(4), (8), and (9). In mitigation, the board found that he had no prior discipline, he lacked a dishonest or selfish motive, and he acknowledged the wrongful nature of his conduct. *See* Gov.Bar R. V(13)(C)(1) and (2). The parties stipulated that Simmonds's misconduct was partially caused by a mental-health disorder and that he has signed a three-year contract with the Ohio Lawyers Assistance Program ("OLAP"). The board concluded, however, that no other evidence was presented regarding the disorder and that even the parties recognized that the disorder did not meet the requirements of Gov.Bar R. V(13)(C)(7) to qualify as a mitigating factor.

*Applicable precedent*

**{¶ 12}** To support its recommended sanction of a conditionally stayed one-year suspension, the board cites *Cleveland Metro. Bar Assn. v. Fonda*, 138 Ohio St.3d 399, 2014-Ohio-850, 7 N.E.3d 1164. In that case, the attorney neglected two clients' cases, failed to reasonably communicate with those clients, and failed to take reasonable steps to protect their interests after the representation terminated. *Id.* at ¶ 5-25. Similar to the circumstances here, the attorney in *Fonda* had no prior discipline and lacked a dishonest or selfish motive, and although the board recognized that he had been diagnosed with a mental disorder and had entered into an OLAP contract, the attorney's disorder did not qualify as a mitigating factor under the board's regulations. *Id.* at ¶ 27-28. Consequently, we suspended the attorney in *Fonda* for one year but stayed the suspension on conditions, including that he make restitution and remain in compliance with his OLAP contract. *Id.* at ¶ 37.

**{¶ 13}** We agree with the board that the facts and circumstances in *Fonda* are analogous to this case and that a similar sanction is therefore warranted. *See also Trumbull Cty. Bar Assn. v. Yakubek*, 142 Ohio St.3d 455, 2015-Ohio-1570, 32 N.E.3d 440, ¶ 14 (noting several cases in which we "imposed one-year stayed suspensions on attorneys who neglected a few client matters, failed to reasonably communicate with clients, and either failed to cooperate in relator's investigation or failed to promptly deliver funds to which their clients were entitled").

**Conclusion**

**{¶ 14}** Having considered Simmonds's ethical infractions, the aggravating and mitigating factors, and the sanctions imposed in comparable cases, we adopt the board's recommended sanction. Rasheed Asani Simmonds is hereby suspended from the practice of law for one year, with the entire suspension stayed on the conditions that he (1) remain engaged with OLAP and comply with the terms and conditions of his OLAP contract, (2) provide proof to relator within 90 days of the

court's disciplinary order that he has paid restitution to Mary Baskin in the amount of $1,500 and to Dawn Jones in the amount of $975, (3) refrain from any further misconduct, and (4) pay the costs of these proceedings. If Simmonds fails to comply with any condition of the stay, the stay will be lifted and he will serve the entire one-year suspension. Costs are taxed to Simmonds.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

————————————

Scott J. Drexel, Disciplinary Counsel, and Donald M. Scheetz, Assistant Disciplinary Counsel, for relator.

Rasheed Asani Simmonds, pro se.

————————————