[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Dayton Bar Assn. v. Strahorn,* **Slip Opinion No. 2017-Ohio-9204.**]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-9204

DAYTON BAR ASSOCIATION *v.* STRAHORN.

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Dayton Bar Assn. v. Strahorn,* Slip Opinion No. 2017-Ohio-9204.**]

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failing to advise a client in writing that the client might be entitled to refund of a fee denominated as "nonrefundable" if the attorney did not complete representation, failing to adequately notify a client that the attorney did not carry malpractice attorney, and failing to act with reasonable diligence in representing a client—Six-month suspension, stayed on conditions.*

(No. 2017-0799—Submitted August 29, 2017—Decided December 28, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-029.

_____

**Per Curiam.**

{¶ 1} Respondent, Derrick Anthony Strahorn, of Dayton, Ohio, Attorney Registration No. 0034483, was admitted to the practice of law in Ohio in 1986.

{¶ 2} In a July 2016 complaint, relator, Dayton Bar Association, alleged that Strahorn violated multiple Rules of Professional Conduct by accepting a nonrefundable retainer without advising his client in writing that he might be entitled to a refund if Strahorn failed to complete the representation, by failing to adequately notify the client that he did not carry malpractice insurance, and by failing to act with reasonable diligence in representing the client.

{¶ 3} A panel of the Board of Professional Conduct held a hearing and adopted the parties' stipulations of fact and misconduct. And after considering Strahorn's testimony, the applicable aggravating and mitigating factors, and the sanctions imposed for comparable misconduct, the panel recommended that Strahorn be suspended from the practice of law for six months, all stayed on conditions. The board adopted the panel's report, and no objections have been filed.

{¶ 4} We adopt the board's findings of fact and misconduct and suspend Strahorn from the practice of law for six months, stayed in its entirety on the conditions recommended by the board.

## Misconduct

{¶ 5} In July 2013, Harry Drake retained Strahorn to represent him in a negligence action. He paid a $3,000 retainer and signed a written fee agreement that described that fee as "nonrefundable." But Strahorn did not simultaneously advise Drake in writing that he might be entitled to a refund of all or part of the retainer if Strahorn failed to complete the representation. Strahorn admits that this failure violated Prof.Cond.R. 1.5(d)(3) (prohibiting a lawyer from charging a fee denominated as "earned upon receipt," "nonrefundable," or a similar term without simultaneously advising the client in writing that the client may be entitled to a

refund of all or part of the fee if the lawyer does not complete the representation). He also admits that while his fee agreement with Drake expressly stated, "ATTORNEY DOES NOT PRESENTLY CARRY MALPRACTICE INSURANCE" (capitalization sic), that notice did not comply with Prof.Cond.R. 1.4(c), which requires an attorney to provide that information on a separate form that is signed by the client.

{¶ 6} Drake sought to recover damages from a contractor who was allegedly negligent in making repairs to Drake's home. Drake's insurance company had paid Drake approximately $104,000 and filed a subrogation lawsuit against the contractor. But Drake retained Strahorn to pursue claims for additional damages. In September 2013, Strahorn filed a third-party complaint in the subrogation lawsuit. Even though Drake was not a party to the lawsuit and Strahorn had not filed a motion to intervene, the clerk of courts accepted the filing as an intervening complaint.

{¶ 7} Strahorn received discovery requests from the opposing party in October 2013, but he failed to timely forward those requests to Drake and did not respond to the opposing party's motion to compel discovery. On April 21, 2014, almost two weeks after the court granted the motion to compel, Strahorn finally served Drake's discovery responses on opposing counsel.

{¶ 8} Strahorn moved the court for permission to withdraw as Drake's counsel in June 2014, but he later withdrew that request. He renewed that request in January 2015—after Drake filed a grievance against him. The trial court granted his request on February 3, 2015.

{¶ 9} On these facts, the parties stipulated and the board found that Strahorn failed to act with reasonable diligence and promptness in representing Drake in violation of Prof.Cond.R. 1.3. Relator agreed to withdraw two additional alleged violations, and the panel unanimously dismissed them by separate order. *See* Gov.Bar R. V(12)(G).

**Sanction**

{¶ 10} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 11} Here, the parties stipulated that no aggravating factors are present. *See* Gov.Bar R. V(13)(B).

{¶ 12} In mitigation, the parties stipulated and the board found that Strahorn did not have a prior disciplinary record and that he has corrected his office procedures, forms, and fee agreement to comply with the notice requirements of Prof.Cond.R. 1.4(c) and 1.5(d)(3). *See* Gov.Bar R. V(13)(C)(1) and (8). They also stipulated that Strahorn refunded the full amount of Drake's retainer. The board afforded little mitigating effect to that factor, however, because Strahorn did not issue the refund until April 2017—more than two years after he withdrew from the representation and approximately ten days before the hearing in this matter. *See* Gov.Bar R. V(13)(C)(3) (permitting the consideration of "[a] timely, good faith effort to make restitution or to rectify consequences of misconduct" as a mitigating factor). But the board did credit Strahorn for acknowledging the wrongful nature of his conduct. *See* Gov.Bar R. V(13)(C)(8).

{¶ 13} The board recommended that we impose a six-month fully stayed suspension for Strahorn's misconduct. In support of that recommendation, the board examined several cases in which we have imposed sanctions ranging from a public reprimand to a one-year stayed suspension for comparable misconduct.

{¶ 14} In *Akron Bar Assn. v. Freedman*, 128 Ohio St.3d 497, 2011-Ohio-1959, 946 N.E.2d 753, the lawyer took a $3,500 flat fee without advising his clients in writing of the possibility that they could be entitled to a refund if he failed to complete the representation. He also acknowledged that he failed to respond to the clients' requests for information about their case, failed to inform them that he did

not carry malpractice insurance, and failed to refund any portion of their retainer, believing that he had rendered services exceeding its value. Citing mitigating factors that included the absence of any prior discipline in almost 30 years of practice, lack of a dishonest or selfish motive, Freedman's acknowledgment of his errors and willingness to apologize to the affected clients, his full and free disclosure to the board, and evidence of Freedman's good character and reputation, we publicly reprimanded him for his misconduct, *id.* at ¶ 12.

{¶ 15} In *Trumbull Cty. Bar Assn. v. Rucker*, 134 Ohio St.3d 282, 2012-Ohio-5642, 981 N.E.2d 866, a lawyer neglected a single client matter, failed to reasonably communicate with the client, failed to deposit the client's funds into the lawyer's client trust account, and failed to advise the client in writing that the client may be entitled to a refund of a "nonrefundable" fee if the lawyer did not complete the representation. There were no aggravating factors present in that case and mitigating factors included the absence of a prior disciplinary record, lack of a dishonest or selfish motive, a timely good-faith effort to make restitution, full disclosure and a cooperative attitude toward the disciplinary proceedings, and evidence of Rucker's good reputation and character. We publicly reprimanded Rucker for his misconduct. *Id.* at ¶ 6.

{¶ 16} In contrast, we have suspended a lawyer for one year but stayed the entire suspension on conditions, based on his failure to reasonably communicate with three clients, neglect of the legal matters of two of those clients, and failure to notify one of those clients that she might be entitled to a refund of all or part of his flat fee if he failed to complete the work. *Disciplinary Counsel v. Simmonds*, 147 Ohio St.3d 280, 2016-Ohio-5599, 63 N.E.3d 1205, ¶ 14. As mitigating factors in that case, Simmonds did not have prior discipline or a dishonest or selfish motive and he acknowledged the wrongful nature of his conduct. But there were also three aggravating factors—Simmonds committed multiple offenses, failed to make

restitution to two clients, and harmed a client by failing to file a claim before the statute of limitations expired.

{¶ 17} The board acknowledged that the facts of this case are similar to those of *Freedman*, *Rucker*, and *Simmonds*. However, the board distinguished *Simmonds* from this case on the ground that Simmonds's misconduct affected three separate clients, while Strahorn's misconduct was limited to a single client matter. It also found that Strahorn's conduct warranted a sanction greater than the public reprimand we imposed in *Freedman* and *Rucker* because Strahorn failed to submit evidence of his good character and reputation and he delayed making restitution to his client. The board determined that on the facts before us, a six-month suspension, all stayed on conditions, will adequately protect the public from future harm. *See Dayton Bar Assn. v. Sebree*, 96 Ohio St.3d 50, 2002-Ohio-2987, 770 N.E.2d 1009 (imposing six-month suspension, all stayed on conditions, for misconduct that included neglect of an entrusted legal matter).

{¶ 18} Having independently reviewed the record, we adopt the board's findings of fact and misconduct and agree that a six-month suspension, stayed in its entirety on the conditions recommended by the board, is the appropriate sanction in this case.

{¶ 19} Accordingly, Derrick Anthony Strahorn is suspended from the practice of law for six months, all stayed on the conditions that he engage in no further misconduct and complete six hours of approved continuing legal education ("CLE") focused on fee agreements, the handling of client funds, and other law-office-management topics. This requirement is in addition to the biennial CLE requirements of Gov.Bar R. X and shall be completed within 90 days of the issuance of this decision. If Strahorn fails to comply with the conditions of the stay, the stay will be lifted and he will serve the full six-month suspension. Costs are taxed to Strahorn.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Daniel J. Brandt and John M. Ruffolo, for relator.

Derrick A. Strahorn, pro se.

_____