DISCIPLINARY COUNSEL *v*. MCNEAL.

[Cite as *Disciplinary Counsel v. McNeal,* 131 Ohio St.3d 224, 2012-Ohio-785.]

*Attorneys—Misconduct—Multiple violations of Rules of Professional Conduct, including engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation and failing to cooperate in a disciplinary investigation—One-year suspension.*

(No. 2011-1732—Submitted December 7, 2011—Decided March 1, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-032.

_____

**Per Curiam**.

{¶ 1} Respondent, Earl Darren McNeal of Columbus, Ohio, Attorney Registration No. 0059218, was admitted to the practice of law in Ohio in 1992. On April 11, 2011, relator, disciplinary counsel, filed a complaint alleging that McNeal, a former lieutenant colonel in the United States Air Force Reserve Judge Advocate General Corps, had resigned from the Air Force rather than face formal separation procedures. The basis for McNeal's resignation was an investigation and report of the Air Force Office of Special Investigations finding that he had violated the Uniform Code of Military Justice by submitting false pay forms to obtain $6,518.54 in pay for hours he had not worked and using his military LexisNexis account for personal purposes related to his private law practice.

{¶ 2} Relator mailed several letters of inquiry to McNeal. Although they were not returned by the post office, McNeal did not respond. He failed to appear for a deposition after a subpoena was hand delivered to his office and did not respond to relator's letter informing him of the termination of the investigation. He ignored the investigator's in-person suggestion that he contact relator and

failed to respond to relator's notice of intent to file a formal complaint. Moreover, he did not answer relator's complaint, which was served at his office via certified mail.

{¶ 3} A master commissioner appointed by the Board of Commissioners on Grievances and Discipline considered relator's motion and supporting evidence and found, by clear and convincing evidence, that McNeal violated Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), (d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and (h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law),  as well as 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation).  The board adopted the master commissioner's findings of fact and misconduct, as do we.

{¶ 4} In recommending a sanction, the master commissioner and board considered the aggravating and mitigating factors listed in BCGD Proc.Reg. 10. *See Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16.  They found only one aggravating factor—that McNeal failed to cooperate in the disciplinary proceeding—and one mitigating factor—that he did not have a prior disciplinary record. *See* BCGD Proc.Reg. 10(B)(1)(e) and (B)(2)(a).  While the master commissioner adopted relator's recommendation that McNeal be suspended from the practice of law for one year, the board recommends that he be indefinitely suspended from the practice of law in Ohio.

{¶ 5} We have previously imposed a six-month conditionally stayed suspension on an attorney who had recklessly submitted inaccurate time records while working as a public servant, sometimes claiming to have worked full days for the Ohio State Barber Board when he had spent part of the day attending court

proceedings for his private legal clients. *See Disciplinary Counsel v. Carroll*, 106 Ohio St.3d 84, 2005-Ohio-3805, 831 N.E.2d 1000, ¶ 4-6, 15. Like McNeal, Carroll did not have a prior disciplinary record. *See* BCGD Proc.Reg. 10(B)(2)(a). But Carroll also paid full restitution to the state, pled no contest to a second-degree misdemeanor charge of dereliction of duty, cooperated fully in the resulting disciplinary investigation, acknowledged that his conduct reflected adversely on his fitness to practice law, and resigned from the barber board soon after the inaccuracies in his timesheets came to light. *Carroll* at ¶ 6, 10; *see also* BCGD Proc.Reg. 10(B)(2)(c), (d), and (f). Although Carroll's recordkeeping was deficient, the board found no evidence that he had acted with a dishonest or selfish motive. *Carroll* at ¶ 10; *see also* BCGD Proc.Reg. 10(B)(2)(b). In contrast, McNeal's resignation came after the Air Force conducted a three-month investigation and initiated a separation action against him. McNeal has not cooperated in the disciplinary investigation, and there is no evidence that he has paid any restitution.

{¶ 6} In *Disciplinary Counsel v. Kraemer*, 126 Ohio St.3d 163, 2010-Ohio-3300, 931 N.E.2d 571, ¶ 4, we disciplined an attorney who had misappropriated nearly $7,200 by failing to remit 60 percent of the fees collected from the cases he worked to the firm, as he had agreed. Kraemer did not have a prior disciplinary record, paid restitution to his former employer, cooperated in the disciplinary proceedings, and after entering a guilty plea to a fifth-degree felony-theft charge, was sentenced to three years of community control, fined $1,000, and ordered to pay restitution, which he did. *Id*. at ¶ 4, 8; *see also* BCGD Proc. Reg. 10(B)(2)(a), (c), (d), (f). He also demonstrated that he had a good character and reputation outside of the charged misconduct and that his diagnosis of adjustment disorder with mixed conduct and emotion qualified as a mitigating factor. *Id*. at ¶ 8; *see also* BCGD Proc.Reg. 10(B)(2)(e), (g). Aggravating factors included Kraemer's dishonest or selfish motive in stealing his employer's funds

and his pattern of misconduct involving multiple offenses. *Id.* at ¶ 9, *see also* BCGD Proc.Reg. 10(B)(1)(b), (d).

{¶ 7} In *Kraemer*, we acknowledged that a period of actual suspension is generally required for attorneys who misappropriate law-firm funds or who engage in a course of conduct involving dishonesty, fraud, deceit, or misrepresentation. *Id.* at ¶ 13. Therefore, we imposed a two-year suspension but, citing Kraemer's acceptance of responsibility, his expression of remorse, the short duration of his conduct, and the absence of any objection from relator, we credited him for time served under an interim felony suspension arising from the same conduct. *Id.* at ¶ 14. We also required Kramer to participate in mental-health counseling and complete a two-year term of monitored probation. *Id.* at ¶ 15.

{¶ 8} We have indefinitely suspended attorneys who have engaged in a pattern of misappropriating funds from their law firms over a period of years. *See, e.g., Toledo Bar Assn. v. Crossmock*, 111 Ohio St.3d 278, 2006-Ohio-5706, 855 N.E.2d 1215 (attorney misappropriated approximately $300,000 from his firm over a ten-year period and provided more than $6,500 in financial assistance to a client); *Disciplinary Counsel v. Yajko*, 77 Ohio St.3d 385, 674 N.E.2d 684 (1997) (attorney deliberately schemed to defraud his employer over a period of years by retaining the firm's share of his fees and altering records to conceal his theft); *Disciplinary Counsel v. Crowley*, 69 Ohio St.3d 554, 634 N.E.2d 1008 (1994) (indefinitely suspending attorney who misappropriated over $200,000 from his law firm by submitting fraudulent expense-reimbursement requests over several years).

{¶ 9} While McNeal's misconduct is serious, it does not rise to the level of misconduct in *Crossmock*, *Yajko*, or *Crowley*. It is more serious than Carroll's, however, because McNeal has failed to respond to the disciplinary proceedings. And unlike Kraemer, McNeal has not been charged with a crime. Nor is there

any evidence of any chemical dependency or mental disability that would require additional monitoring, as there was in *Kraemer*. Having weighed McNeal's conduct, the aggravating and mitigating factors, and the sanctions imposed for comparable offenses, we conclude that a one-year suspension from the practice of law in Ohio is the appropriate sanction in this case.

{¶ 10} Accordingly, Earl Darren McNeal is hereby suspended from the practice of law in Ohio for one year. Costs are taxed to McNeal.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and McGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Heather H. Coglianese, Assistant Disciplinary Counsel, for relator.

_____