MAHONING COUNTY BAR ASSOCIATION *v.* MALVASI.

[Cite as *Mahoning Cty. Bar Assn. v. Malvasi,*
143 Ohio St.3d 140, 2015-Ohio-2361.]

(No. 2014–2146—Submitted February 4, 2015—Decided June 18, 2015.)

**Per Curiam.**

{¶ 1} Respondent, Maurus Gavin Malvasi of Girard, Ohio, Attorney Registration No. 0062757, was admitted to the practice of law in Ohio in 1994. In February 2014, relator, the Mahoning County Bar Association, charged him with violating the Rules of Professional Conduct for allegedly neglecting a single client matter. The parties waived a formal hearing and filed stipulations of fact and misconduct, in which Malvasi admitted to four disciplinary-rule violations and relator agreed to dismiss the remaining charges. As a sanction, the parties jointly recommended that Malvasi serve a stayed six-month suspension, complete one year of monitored probation, and attend a law-office-management course. A three-member panel of the Board of Commissioners on Grievances and Discipline[1] unanimously adopted the parties' stipulations and their recommended sanction. The board adopted the panel's report in its entirety.

{¶ 2} Upon our review of the record, we accept the board's findings and agree that the board's recommended sanction is appropriate in this case.

## Misconduct

{¶ 3} In July 2011, Jon and Ronda Walters retained Malvasi to represent them in an action against the seller of their home and the real estate agent involved in the transaction. The Walterses paid Malvasi a $2,500 retainer, but he failed to deposit the money into his client trust account. Malvasi informed the Walterses that he would first attempt to settle the matter but if settlement failed, he would file a lawsuit. Over the next 11 months, however, he failed to contact the potential defendants about settlement or file a complaint, and he had little contact with the Walterses. In June 2012, he informed the Walterses that he had not yet filed the lawsuit because he could not find an address for the primary defendant. Ronda Walters thereafter gave him a business address for the defendant, but Malvasi declined to use it. In September 2012, Ronda Walters sent him a letter by certified mail, and although Malvasi signed for the letter, he later could not recall receiving it. By November 2012, Ronda Walters filed the underlying grievance. Malvasi never filed the complaint.

---

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

{¶ 4} Malvasi subsequently refunded the Walterses' $2,500 retainer and sent them a letter apologizing for the delay in their case. The parties stipulated and the board found that his conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), and 1.15(c) (requiring a lawyer to deposit into a client trust account legal fees and expenses that have been paid in advance). We agree with these findings of misconduct.

## Sanction

{¶ 5} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli,* 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B).[2] *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. However, because each disciplinary case is unique, we are not limited to the factors specified in BCGD Proc.Reg. 10(B) and may take into account all relevant factors in determining which sanction to impose.

### *Mitigating and aggravating factors*

{¶ 6} The board found, and we agree, that the following mitigating factors are present: Malvasi has no prior discipline, he did not act with a dishonest or selfish motive, he made a good-faith effort to make restitution and rectify the consequences of his misconduct, he made full and free disclosures to the disciplinary board and had a cooperative attitude toward the proceedings, and the record includes evidence of good character and reputation. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (c), (d), and (e). Additionally, the board noted that during his representation of the Walterses, Malvasi suffered from health problems, he had primary responsibility for the care of his elderly mother, and he was forced to move his law office after the building in which he leased space was foreclosed upon. The board determined, and we also agree, that none of the aggravating factors listed in the former board regulations are relevant here.

### *Applicable precedent*

{¶ 7} The board recommends that we impose a stayed six-month suspension and require that Malvasi serve a one-year term of monitored probation and

---

2. Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B)(1) and (2) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

complete a law-office-management seminar. To support its recommended sanction, the board cites *Dayton Bar Assn. v. Hooks,* 139 Ohio St.3d 462, 2014-Ohio-2596, 12 N.E.3d 1212, *Cuyahoga Cty. Bar Assn. v. Sherman,* 101 Ohio St.3d 158, 2004-Ohio-340, 803 N.E.2d 398, and *Dayton Bar Assn. v. Sebree,* 96 Ohio St.3d 50, 2002-Ohio-2987, 770 N.E.2d 1009.

{¶ 8} In *Hooks,* an attorney neglected a single client matter and failed to keep that client reasonably informed about the matter. *Hooks* at ¶ 6–9. Only one aggravating factor was present, but there were several mitigating factors, including that the attorney had no prior discipline, did not act with a dishonest motive, and accepted responsibility for his misconduct. *Id.* at ¶ 12. We imposed a six-month suspension, all stayed on conditions, including that the attorney complete a law-office-management course. *Id.* at ¶ 18. In *Sherman,* the attorney neglected a single client matter and also failed to maintain that client's funds in a separate client trust account. *Id.* at ¶ 2–4. No aggravating factors were present, but there were significant mitigating factors, including restitution and a lack of prior discipline. *Id.* at ¶ 5. We accordingly imposed a stayed six-month suspension. *Id.* at ¶ 7. Finally, in *Sebree,* the attorney neglected two client matters. We sanctioned him with a six-month suspension, stayed on the conditions that he be monitored for at least one year and that he attend a seminar on office-management skills. *Id.* at ¶ 9.

{¶ 9} We agree with the board that the record here is comparable to the facts in *Hooks, Sherman,* and *Sebree.* And consistent with those cases, we also find that the board's recommended sanction is the appropriate disposition for this case.

### Conclusion

{¶ 10} Having considered the ethical duties violated, the mitigating factors, the absence of any aggravating factors, and the sanctions imposed in comparable cases, we adopt the board's recommended sanction. Maurus Gavin Malvasi is hereby suspended from the practice of law for six months, with the entire suspension stayed on the condition that he commit no further misconduct. Malvasi shall also serve a one-year term of monitored probation pursuant to Gov.Bar R. V(21) and complete a law-office-management seminar approved by relator. Costs are taxed to Malvasi.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

Ronald E. Slipski, Bar Counsel, and David C. Comstock, Bar Counsel, for relator.

Mary L. Cibella, for respondent.