[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus Bar Assn. v. Reed,* Slip Opinion No. 2016-Ohio-834.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-834

COLUMBUS BAR ASSOCIATION *v.* REED.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus Bar Assn. v. Reed,* Slip Opinion No. 2016-Ohio-834.]

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failing to provide competent representation and failing to respond to demand for information by a disciplinary authority during an investigation—Two-year suspension with 18 months stayed on conditions.*

(No. 2015-0587—Submitted September 15, 2015—Decided March 8, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-050.

_____

**Per Curiam**.

{¶ 1} Respondent, Joseph Dues Reed of Columbus, Ohio, Attorney Registration No. 0025938, was admitted to the practice of law in Ohio in 1983. In 2000, we sanctioned him with a stayed six-month suspension for neglecting a client

matter. *Columbus Bar Assn. v. Reed*, 88 Ohio St.3d 48, 723 N.E.2d 568 (2000). In 2006, we briefly suspended him for noncompliance with his continuing-legal-education requirements. *See In re Reed*, 110 Ohio St.3d 1432, 2006-Ohio-3902, 852 N.E.2d 182. In December 2015, we suspended him again for noncompliance with his continuing-legal-education requirements. 144 Ohio St.3d 1418, 1421, 2015-Ohio-5126, 41 N.E.3d 1256.

{¶ 2} In June 2014, relator, Columbus Bar Association, charged him with neglecting clients, failing to cooperate in the disciplinary process, and other professional misconduct. Based on the parties' stipulations and Reed's testimony at a hearing before a three-member panel of the Board of Professional Conduct, the panel found that he had engaged in most of the charged misconduct, dismissed some of the charges, and recommended that we impose a two-year suspension with six months stayed on conditions. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction. Reed has filed objections to some of the board's findings and to its recommendation, arguing that his suspension should be stayed in its entirety.

{¶ 3} Based on our review of the record, we accept the board's findings of misconduct but conclude that a two-year suspension, with 18 months stayed on conditions, along with a period of monitored probation, is the appropriate sanction in this case.

## Misconduct

{¶ 4} The board found that Reed committed professional misconduct in three client matters. First, in April 2012, Toni Gravely paid Reed $525 to file an Ohio divorce case on her behalf. After accepting Gravely's money, Reed had no further contact with her—despite her repeated attempts to communicate with him. Nor did Reed file the divorce complaint, which resulted in her being forced to litigate the divorce in West Virginia, where her husband had later filed suit. In November 2012, Gravely filed a grievance against Reed, but he failed to respond

to two letters of inquiry from disciplinary counsel. Reed also failed to comply with a subpoena seeking his appearance for a deposition concerning the grievance.

{¶ 5} In the second matter, Reed and a former client, R. Thomas Pierce, arbitrated a fee dispute pursuant to the regulations of relator's fee-dispute arbitration program. In January 2013, the arbitrator required Reed to refund $1,125 to Pierce within ten days of receiving notice of the arbitration award. Reed, however, failed to timely refund the money, and after eight months, Pierce was forced to hire counsel to secure his money. In March 2014—14 months after the arbitration award—Reed paid Pierce's counsel $1,400, from which Pierce received $1,011.85.

{¶ 6} The third matter involved another case of client neglect. In January 2013, the girlfriend of Joshua Smith, a prisoner, paid Reed $1,000 to file a motion for judicial release and to represent Smith at any ensuing hearing. But Reed neither contacted Smith at the prison nor conducted any work on the case; nor did he respond to multiple communications from Smith's father seeking information about the matter. In July 2013, Smith's father filed a grievance with relator, but Reed failed to respond to relator's letters of inquiry. In October 2013, Smith filed a request for fee-dispute arbitration with relator, but Reed also failed to respond to relator's letters regarding Smith's arbitration request.

{¶ 7} Based on this conduct, the parties stipulated and the board found that Reed had violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the

lawyer's fitness to practice law) and former Gov.Bar R. V(4)(G)[1] (requiring a lawyer to cooperate in a certified grievance committee's alternative-dispute-resolution procedures). Consistent with our opinion in *Disciplinary Counsel v. Bricker*, 137 Ohio St.3d 35, 2013-Ohio-3998, 997 N.E.2d 500, ¶ 21, the board expressly found that Reed's failure to comply with the regulations of relator's fee-dispute arbitration program and his failure to cooperate in the disciplinary process, including his ignoring a subpoena to appear for a deposition, was sufficiently egregious to support a finding that he violated Prof.Cond.R. 8.4(h). We agree with the board's findings of misconduct.

{¶ 8} Finally, the board's report indicates that Reed continues to owe restitution in the amounts of $375 to Gravely, $113.15 to Pierce,[2] and $1,000 to Smith or the Lawyer's Fund for Client Protection, which the board noted had received a claim regarding the Smith matter.

**Sanction**

{¶ 9} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the sanctions imposed in similar cases, and the aggravating and mitigating factors listed in Gov.Bar R. V(13).

*Aggravating and mitigating factors*

{¶ 10} The board found the following aggravating factors: prior disciplinary offenses, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, a lack of cooperation in the disciplinary process, harm to the

---

[1] Effective January 1, 2015, the provisions previously set forth in Gov.Bar R. V(4)(G) are codified in Gov.Bar R. V(9)(G). 140 Ohio St.3d CXIX.

[2] The board's report indicates that Reed owes Pierce $114.85. But the difference between the amount awarded to Pierce by the arbitrator ($1,125) and the actual amount that Pierce received from Reed ($1,011.85) is $113.15—not $114.85. Thus, it appears that the board slightly miscalculated the outstanding restitution amount in Pierce's case.

victims of the misconduct, and a failure to make restitution. *See* Gov.Bar R. V(13)(B)(1) through (5), (8), and (9). The board found no mitigating factors.

{¶ 11} Reed objects to these findings, arguing that there are factors that the board should have considered in mitigation, rather than in aggravation, and therefore his suspension should be stayed in its entirety. He argues that because he entered into written stipulations with relator, he should be given mitigating credit for cooperating in the disciplinary process. He similarly claims that he did not act with a dishonest or selfish motive. Reed states that he is a solo practitioner and that during the time period of his misconduct, he suffered from serious health challenges. He acknowledges that a few cases "fell through the cracks," but he maintains that his misconduct was neither intentional nor motivated by dishonesty or selfishness.

{¶ 12} We cannot conclude that the board erred in finding that Reed's failure to cooperate in the disciplinary process was an aggravating factor. Although it is true that he ultimately stipulated to the charged misconduct, he initially failed to respond to multiple letters of inquiry and he ignored a subpoena to appear for a deposition. However, we agree with Reed that the record does not clearly and convincingly demonstrate that he had a dishonest or selfish motive. Reed testified that in 2012, pain in his hip made it difficult for him to work throughout the day, which led to hip-replacement surgery in August 2012. Reed acknowledged that during this time period, he was taking prescription painkillers, and although he did not abuse the drugs, he had problems weaning himself off the medication. Additionally, Reed testified that in early 2013, he sustained additional injuries from an automobile accident. Reed conceded that these health problems and the prescription medication may have affected his representation of clients. Accordingly, despite the fact that Reed initially stipulated to the aggravating factor of having a dishonest or selfish motive, we agree with Reed that the evidence

ultimately presented did not clearly establish that aggravating factor. Reed's objections are otherwise overruled.

*Applicable precedent*

**{¶ 13}** To support its recommended sanction, the board cited *Trumbull Cty. Bar Assn. v. Large*, 134 Ohio St.3d 172, 2012-Ohio-5482, 980 N.E.2d 1021, and *Toledo Bar Assn. v. Harvey*, 141 Ohio St.3d 346, 2014-Ohio-3675, 24 N.E.3d 1106. In both cases, the attorneys neglected multiple client matters and failed to fully cooperate in the initial disciplinary investigation. Both cases also involved a profusion of aggravating factors, including prior discipline, and no mitigating factors. We suspended the attorneys for two years but stayed the final six months on conditions, including that the attorneys make restitution to their former clients. *See Large* at ¶ 4-5, 11-12, 16, 29, 38; *Harvey* at ¶ 10, 13-14, 18, 30, 37.

**{¶ 14}** We agree with the board that *Large* and *Harvey* are instructive to this case. However, the attorneys' misconduct in those cases was slightly more varied than Reed's. For example, in both *Large* and *Harvey*, the attorneys also violated the rules regulating client trust accounts. *See Large* at ¶ 10, 16, 22; *Harvey* at ¶ 18-22. Additionally, the attorney in *Large* engaged in dishonest conduct and made a false statement to a court. *See Large* at ¶ 10, 23-28. And the attorney in *Harvey* improperly communicated with a person that he knew was represented by counsel in a matter. *See Harvey* at ¶ 28. The board did not find that Reed engaged in any similar conduct, which suggests that a lesser sanction is warranted here.

**Conclusion**

**{¶ 15}** As we have often explained, "the goal of disciplinary proceedings is not to punish the errant lawyer, but to protect the public." *Toledo Bar Assn. v. Hales*, 120 Ohio St.3d 340, 2008-Ohio-6201, 899 N.E.2d 130, ¶ 21. And "[w]hile consistency is also a goal, 'we examine each case individually and impose the discipline we believe appropriate based on the unique circumstances of each case.' " *Id.*, quoting *In re Disciplinary Action Against Ruffenach*, 486 N.W.2d 387

(Minn.1992). Here, the board recommends that we suspend Reed for two years but stay the final six months of his suspension on the conditions that he complete a contract with the Ohio Lawyers Assistance Program ("OLAP") and make restitution to all clients. We find, however, that reducing the time period of his actual suspension, and instead requiring that he serve a period of monitored probation upon his reinstatement, would best accomplish the goals of the disciplinary system.

{¶ 16} Accordingly, Joseph Dues Reed is suspended from the practice of law for two years with the final 18 months stayed on the conditions that he (1) make restitution to Gravely, Pierce, and Smith, or, if applicable, the Lawyers' Fund for Client Protection, before the end of the stayed period of his suspension, (2) enter into and comply with an OLAP contract, and (3) commit no further misconduct. Upon reinstatement from his actual suspension, Reed shall serve 18 months of monitored probation. If Reed fails to comply with the conditions of the stay, the stay will be lifted and Reed will serve the entire two-year suspension. Costs are taxed to Reed.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, and FRENCH, JJ., concur.

LANZINGER and O'NEILL, JJ., and would adopt the position of the board and panel and impose a two-year suspension with six months stayed on conditions.

_____

Jeffrey C. Rogers; Tyack, Blackmore & Liston Co., L.P.A., and James P. Tyack; and Lori J. Brown, Bar Counsel, and A. Alysha Clous, Assistant Bar Counsel, for relator.

Joseph Dues Reed, pro se.

_____