[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus Bar Assn. v. McNeal,* Slip Opinion No. 2017-Ohio-8775.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8775

COLUMBUS BAR ASSOCIATION *v.* MCNEAL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus Bar Assn. v. McNeal,* Slip Opinion No. 2017-Ohio-8775.]**

*Attorneys—Misconduct—Failure to act with reasonable diligence in representing client—Failure to keep client reasonably informed about status of matter—Failure to comply as soon as practicable with client's reasonable requests for information—One-year suspension from practice of law, fully stayed on conditions.*

(No. 2017-0491—Submitted June 7, 2017—Decided December 5, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-017.

_____

**Per Curiam**.

{¶ 1} Respondent, Earl Darren McNeal, of Columbus, Ohio, Attorney Registration No. 0059218, was admitted to the practice of law in Ohio in 1992. In

2012, we suspended him for one year for misconduct relating to a report from the United States Air Force Office of Special Investigations. That report found that while McNeal served in the Air Force Reserve Judge Advocate General Corps, he submitted false pay forms and used his military LexisNexis account for reasons related to his private law practice. *Disciplinary Counsel v. McNeal*, 131 Ohio St.3d 224, 2012-Ohio-785, 963 N.E.2d 815.

{¶ 2} In April 2016, relator, Columbus Bar Association, charged him with committing professional misconduct in a client matter. McNeal stipulated to some, but not all, of the charges against him. After a hearing, a three-member panel of the Board of Professional Conduct found that he engaged in the stipulated misconduct, dismissed the other allegations against him, and recommended that he serve a conditionally stayed one-year suspension. The board issued a report adopting the panel's findings and recommended sanction, and neither party objected to the board's report.

{¶ 3} Upon our review of the record, we accept the board's findings of misconduct and agree with its recommended sanction.

**Misconduct**

{¶ 4} McNeal is a general practitioner and represents clients in a range of areas, including criminal defense, bankruptcy, domestic relations, and civil matters. In August 2014, Warren Lanier Sr. and Gwendolyn Lanier retained McNeal to investigate a water-drainage problem in their backyard, which the Laniers claimed continued even after the builder of their home, Maronda Homes, Inc., made repairs to the underground drainage system. The Laniers agreed to pay McNeal a $400 retainer over several installments, and he advised them that he would contact Maronda Homes.

{¶ 5} About two or three weeks later, McNeal visited the Laniers at their home, and in October 2014, he sent a letter to Maronda Homes informing them of the Laniers' drainage problem and requesting that someone contact him. Maronda

Homes, however, did not respond. McNeal did nothing further to investigate the issue and had no contact with the Laniers until a February 2015 telephone call, in which he advised Mr. Lanier that he was "still looking at Maronda Homes." Between March and May 2015, the Laniers called McNeal's office, e-mailed his assistant, wrote him letters, and visited his place of business, but he did not timely respond to their requests for information about their matter.

**{¶ 6}** The Laniers filed a grievance against McNeal in June 2015, and McNeal thereafter sent a second letter to Maronda Homes and met with the Laniers twice at their house. However, he did not perform any further work for the Laniers after September 2015.

**{¶ 7}** During the disciplinary proceedings, McNeal stipulated that although he was aware that the Laniers had a home warranty and homeowners' insurance, he did not contact those companies or attempt to determine whether any repairs would be covered under those policies. He further admitted that he never made contact with anyone at Maronda Homes with authority to discuss the Laniers' problem, he never confirmed who was actually responsible for the drainage issue, and he never filed any complaint on the Laniers' behalf. Prior to his disciplinary hearing, he refunded the $400 retainer to the Laniers.

**{¶ 8}** Based on this conduct, McNeal stipulated and the board found that he violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), and 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client). We agree with the board's findings of misconduct.

### Sanction

**{¶ 9}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the

aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

*Aggravating and mitigating factors*

{¶ 10} The board found one aggravating factor—that McNeal has prior disciplinary offenses. *See* Gov.Bar R. V(13)(B)(1). In mitigation, the board determined that McNeal lacked a dishonest or selfish motive and that he provided full and free disclosures to the board and had a cooperative attitude toward the proceedings. *See* Gov.Bar R. V(13)(C)(2) and (4). In addition, the board observed that he openly acknowledged the wrongful nature of his stipulated misconduct, he appeared genuinely contrite and remorseful, and he charged the Laniers a fairly small fee and made some attempts to assist them, although ineffectual. We also note that he submitted several letters from attorneys and a judge attesting to his character or reputation in the legal community. *See* Gov.Bar R. V(13)(C)(5).

*Applicable precedent*

{¶ 11} The board cited several cases to support its recommended sanction of a conditionally stayed one-year suspension, including *Columbus Bar Assn. v. Reed*, 145 Ohio St.3d 464, 2016-Ohio-834, 50 N.E.3d 516, *Mahoning Cty. Bar Assn. v. Hanni*, 145 Ohio St.3d 492, 2016-Ohio-1174, 50 N.E.3d 542, and *Mahoning Cty. Bar Assn. v. Malvasi*, 143 Ohio St.3d 140, 2015-Ohio-2361, 34 N.E.3d 916.

{¶ 12} In *Reed*, the attorney neglected two client matters and initially failed to cooperate in the ensuing disciplinary investigations. He also refused to promptly pay an arbitration award made against him in a bar association's fee-dispute program. We found no mitigating factors in the case, and aggravating factors included prior discipline, failure to make restitution, and harm to his clients. Based on these facts, we suspended the attorney for two years but stayed the final 18 months on conditions.

**{¶ 13}** In *Hanni*, the attorney neglected a child-custody matter by failing to appear for three scheduled client meetings and by seeking to continue two hearings without giving adequate notice to her clients or the court. When the attorney failed to appear for the second hearing, the clients elected to proceed pro se rather than delay the matter any further. We found several mitigating factors, including the absence of a dishonest or selfish motive, cooperation in the disciplinary process, payment of restitution, and evidence of good character. The only aggravating factor was that we had previously disciplined the attorney for similar misconduct. We suspended her for one year but stayed the suspension in its entirety on conditions.

**{¶ 14}** In *Malvasi*, a couple paid an attorney $2,500 to represent them in an action against the seller of their home. But over the next 11 months, the attorney failed to contact the potential defendants about a settlement or file a complaint, and he had little contact with his clients. He also failed to deposit their funds in his client trust account. We found no aggravating factors in the case, and mitigating factors included lack of prior discipline, absence of a dishonest or selfish motive, cooperation in the disciplinary process, and timely restitution. We sanctioned the attorney with a conditionally stayed six-month suspension.

**{¶ 15}** McNeal's misconduct here—neglect of one client matter— resembles the  misconduct in *Malvasi* and *Hanni* rather than the more egregious and varied misconduct in *Reed*, which resulted in Reed's actual suspension from the practice of law. And similar to the circumstances in *Hanni*, McNeal has a prior disciplinary record, but he also presented significant mitigating evidence that outweighs the lone aggravating factor. Accordingly, we conclude that the board's recommended sanction is consistent with *Hanni* and the other cases cited by the board and is the appropriate sanction in this case.

### Conclusion

**{¶ 16}** Having considered McNeal's misconduct, the applicable aggravating and mitigating factors, and the sanctions imposed for similar

misconduct, we adopt the board's recommended sanction. Earl Darren McNeal is suspended from the practice of law for one year, fully stayed on the conditions that he (1) complete six hours of continuing legal education on law-office management in each of the next three years, commencing with the date of this court's disciplinary order, (2) pay the costs of these proceedings, and (3) engage in no further misconduct. If McNeal fails to comply with the conditions of the stay, the stay will be lifted, and he will serve the full one-year suspension.

Judgment accordingly.

O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

O'CONNOR, C.J., dissents and would stay six months of respondent's suspension.

_____

A. Alysha Clous and Lori Brown, Bar Counsel; Vicki L. Jenkins; and Freund, Freeze & Arnold, L.P.A., and Jennifer L. Wilson, for relator.

Law Office of Philip A. King, L.L.C., and Philip A. King, for respondent.

_____