**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cleveland Metro. Bar Assn. v. Wintner,* **Slip Opinion No. 2018-Ohio-4731.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4731

CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* WINTNER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cleveland Metro. Bar Assn. v. Wintner,* Slip Opinion No. 2018-Ohio-4731.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Conditionally stayed one-year suspension.*

(No. 2018-0810—Submitted June 26, 2018—Decided November 28, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2018-009.

_____

**Per Curiam.**

**{¶ 1}** Respondent, Jennifer Ellen Wintner, of Cleveland, Ohio, Attorney Registration No. 0014507, was admitted to the practice of law in Ohio in 1984. On November 1, 2013, we suspended her from the practice of law based on her failure to register as an attorney for the 2013/2015 biennium. *In re Attorney Registration Suspension of Wintner*, 136 Ohio St.3d 1544, 2013-Ohio-4827, 996 N.E.2d 973.

We reinstated her license to practice law on September 9, 2014. *In re Reinstatement of Wintner*, 140 Ohio St.3d 1457, 2014-Ohio-4466, 17 N.E.3d 602.

{¶ 2} On February 1, 2018, relator, Cleveland Metropolitan Bar Association, charged Wintner with professional misconduct arising from her neglect and failure to reasonably communicate with a single client. A panel of the Board of Professional Conduct considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

{¶ 3} The parties stipulated that in March 2016, Michelle Troutman hired Wintner to investigate the possibility of Troutman obtaining a historic-preservation tax credit for a building that Troutman had purchased. Wintner did not enter into an engagement agreement regarding the nature and scope of Wintner's representation or establish the basis or rate of Wintner's fee and expenses beyond exploring the possibility of obtaining the tax credit. Wintner also failed to inform Troutman that Wintner did not carry professional-liability insurance. Although Wintner met with Troutman and completed some of the work that Troutman had hired Wintner to do—and for which Troutman paid Wintner $500—Wintner did not complete the work and stopped responding to Troutman's communications. Eventually, Troutman contacted another attorney for assistance with filing the application for a historic-preservation tax credit.

{¶ 4} Wintner admits that her conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional liability insurance), and 1.5(b) (requiring an attorney to communicate, within a reasonable amount of time after commencing the representation, the nature and scope of the representation and the basis or rate of the fee and expenses for which the client will be charged).

**{¶ 5}** In addition to three mitigating factors—the absence of a dishonest or selfish motive, Wintner's acknowledgment of the wrongful nature of her conduct, and her willingness to work with a mentoring attorney during the period of a stayed suspension—the parties also stipulated that Wintner is willing to refund $250 of the $500 that she received from Troutman. *See generally* Gov.Bar R. V(13)(C). The only aggravating factor in this case is Wintner's previous attorney-registration suspension. *See* Gov.Bar R. V(13)(B)(1).

**{¶ 6}** The parties recommended that Wintner be suspended for one year, with the entire suspension stayed on conditions, including a one-year period of monitored probation, paying Troutman $250 in restitution, and completing six additional hours of continuing legal education ("CLE") in law-practice management. In support of that recommendation, the parties cite two cases in which we imposed conditionally stayed six-month suspensions on attorneys who violated Prof.Cond.R. 1.3, 1.4, and 1.5 in relation to a single client matter when no aggravating factors existed and multiple mitigating factors were present. *See Mahoning Cty. Bar Assn. v. Malvasi*, 143 Ohio St.3d 140, 2015-Ohio-2361, 34 N.E.3d 916, and *Dayton Bar Assn. v. Strahorn*, 152 Ohio St.3d 288, 2017-Ohio-9204, 95 N.E.3d 369.

**{¶ 7}** In addition to the cases cited by the parties, the panel considered *Columbus Bar Assn. v. McNeal*, 152 Ohio St.3d 37, 2017-Ohio-8775, 92 N.E.3d 840, and *Cleveland Metro. Bar Assn. v. Freeman*, 128 Ohio St.3d 416, 2011-Ohio-1447, 945 N.E.2d 515. McNeal was retained by a husband and wife to assist them with potentially filing a complaint in a home-warranty matter. McNeal took some action on behalf of his clients and then failed to respond to their requests for information regarding the status of their matter. In the presence of just one aggravating factor and several mitigating factors, we suspended McNeal for one year, with the entire suspension stayed on conditions. We also imposed that same sanction on Freeman, who failed to exercise reasonable diligence and did not

reasonably communicate with clients in two separate matters. And although Freeman had previously been publicly reprimanded for similar misconduct, we determined that a conditionally stayed one-year suspension was warranted in that situation.

{¶ 8} Based on the foregoing, we agree that Wintner's conduct violated Prof.Cond.R. 1.3, 1.4(a)(4), 1.4(c), and 1.5(b) and that a one-year suspension, all stayed on the conditions agreed to by the parties, is the appropriate sanction for her misconduct. Therefore, we adopt the parties' consent-to-discipline agreement.

{¶ 9} Accordingly, Jennifer Ellen Wintner is suspended from the practice of law in Ohio for one year, with the entire suspension stayed on the conditions that she (1) make restitution of $250 to Michelle Troutman within 90 days of this decision, (2) in addition to the biennial requirements set forth in Gov.Bar R. X, complete six hours of CLE in law-practice management, (3) serve a one-year period of monitored probation in accordance with Gov.Bar R. V(21), and (4) engage in no further misconduct. If Wintner fails to comply with any condition of the stay, the stay will be lifted and she will serve the full one-year suspension. Costs are taxed to Wintner.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

O'DONNELL, J., concurs, but would order full restitution in the amount of $500.

_____

Giffen & Kaminski, L.L.C., Kathleen A. Nitschke, and Lauren C. Tompkins; and Heather M. Zirke, Bar Counsel, and Kari L. Burns, Assistant Bar Counsel, for relator.

Jennifer Ellen Wintner, pro se.

_____