**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Peters,* **Slip Opinion No. 2019-Ohio-5219.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-5219

DISCIPLINARY COUNSEL *v*. PETERS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Peters,* Slip Opinion No. 2019-Ohio-5219.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Conditionally stayed one-year suspension.*

(No. 2019-1074—Submitted September 11, 2019—Decided December 19, 2019.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2018-042.

_____

**Per Curiam.**

{¶ 1} Respondent, John Ivor Peters, of Pataskala, Ohio, Attorney Registration No. 0033246, was admitted to the practice of law in Ohio in 1975. We suspended him from the practice of law for 12 days in November 2017 based on his failure to register as an attorney for the 2017/2019 biennium. *See In re Attorney Registration Suspension of Peters*, 151 Ohio St.3d 1431, 2017-Ohio-8409, 85 N.E.3d 754. Peters served a second attorney-registration suspension from

November 1 until December 2, 2019, due to his failure to register for the 2019/2021 biennium. *See In re Attorney Registration Suspension of Peters*, 157 Ohio St.3d 1472, 2019-Ohio-4529, 134 N.E.3d 183.

{¶ 2} In a formal complaint filed with the Board of Professional Conduct on August 28, 2018, relator, disciplinary counsel, charged Peters with multiple violations of the Rules of Professional Conduct arising from his alleged failure to competently represent two clients, neglect of their legal matters, and mishandling of one client's settlement proceeds.

{¶ 3} The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors and jointly recommended that Peters be suspended from the practice of law for one year, fully stayed on conditions.

{¶ 4} After a hearing before a panel of the board, the board issued a report finding that Peters committed the stipulated violations and recommending that we adopt the parties' proposed sanction. No objections have been filed.

{¶ 5} We adopt the board's findings of misconduct and agree that a conditionally stayed one-year suspension is the appropriate sanction in this case.

**Misconduct**

*The O'Connor Matter*

{¶ 6} On August 4, 2015, Mary O'Connor retained Peters to pursue claims arising from an automobile accident in which another driver struck O'Connor's vehicle from behind, causing O'Connor to suffer personal injuries and destroying her hearing aids. After executing a written contingent-fee contract, Peters spoke with a representative of the other driver's insurance company about O'Connor's claims. Although he informed the insurance company that O'Connor's hearing aids had been destroyed and that their replacement cost was approximately $7,000, he made no settlement demand and received no settlement offer.

{¶ 7} On March 12, 2016, more than seven months after retaining Peters, O'Connor received a letter from the insurance company informing her that although

her medical insurer had made a subrogation demand in excess of $5,600, her claim remained unresolved because the company had not received any medical bills or records to support her injury claim. O'Connor provided Peters with a copy of the letter, but he waited until October 19, 2016, to file a complaint on her behalf. He also failed to respond to the defendant's motion to dismiss, which the trial court ultimately granted on the ground that Peters had filed the complaint one day after the applicable statute of limitations had expired.

{¶ 8} Peters told O'Connor that the court had dismissed her complaint and that he would submit a claim to his professional-liability insurance carrier on her behalf. Although he called his insurance carrier and spoke with a claims adjuster, he never took any further action on O'Connor's behalf to facilitate her recovery on a malpractice claim.

{¶ 9} The parties' stipulated and the board found that Peters violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client) and 1.3 (requiring a lawyer to act with reasonable diligence in representing a client). We adopt these findings of misconduct.

*The Raynard Matter*

{¶ 10} Peters probated the wills of Lawrence E. Raynard and his wife, Joanne Raynard, following their respective deaths in 2007 and 2009. In August 2014, the Raynards' son, David L. Raynard, retained Peters to collect and distribute funds that he expected to receive on behalf of Lawrence's estate from the settlement of certain products-liability litigation. In his fee agreement, Peters acknowledged that distribution of the settlement proceeds might require the reopening of Lawrence's and Joanne's estates.

{¶ 11} On May 21, 2016, Peters received a $2,484.61 check payable to Lawrence's estate, but he did not deposit the check into his client trust account or the estate account—nor did he inform David that he had received it. More than a year later, David contacted the opposing counsel in the products-liability litigation

and learned that the case had settled. In a June 28, 2017 letter, Peters promised to promptly negotiate the settlement check and forward David's share of the settlement proceeds once David signed an authorization form. Although David promptly signed and returned the form, Peters never negotiated the settlement check, reopened Lawrence's or Joanne's estate, or forwarded any settlement funds to David. He also failed to respond to David's multiple inquiries about the status of the case. At Peters's May 9, 2019 disciplinary hearing, he testified that the settlement check remained in his possession and admitted that he had not contacted David to discuss the case or petitioned the probate court for authority to distribute the settlement proceeds.

{¶ 12} The parties stipulated and the board found that Peters violated Prof.Cond.R. 1.1, 1.3, 1.4(a)(3) (requiring a lawyer to keep a client reasonably informed about the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from a client), 1.15(a) (requiring a lawyer to hold the property of clients in an interest-bearing client trust account, separate from the lawyer's own property), and 1.15(d) (requiring a lawyer to promptly notify a client or third person that the lawyer has received funds in which the client or third person has a lawful interest). We adopt these findings of misconduct.

**Sanction**

{¶ 13} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 14} The parties stipulated and the board found that four aggravating factors are present: Peters had a brief attorney-registration suspension, had committed multiple offenses, had caused harm to vulnerable clients, had failed to make restitution to O'Connor, and, in the Raynard matter, had failed to seek the

probate court's authorization to distribute the settlement funds or to otherwise rectify the consequences of his misconduct. *See* Gov.Bar R. V(13)(B)(1), (4), (8), and (9). We additionally note that during the pendency of this case, Peters served a second suspension for failing to register as an attorney.

{¶ 15} As for mitigating factors, the board adopted the parties' stipulations that Peters had not acted with a dishonest or selfish motive, had made full and free disclosure to the board and exhibited a cooperative attitude toward these proceedings, and had acknowledged the wrongful nature of his misconduct. *See* Gov.Bar R. V(13)(C)(2) and (4). Peters agreed that he would make restitution of $7,000 to O'Connor and obtain the probate court's approval to distribute the settlement proceeds in the Raynard matter—though at the time of his disciplinary hearing, he did not have the money and had taken no action in the probate proceedings in the Raynard matter. He also testified that he was in the process of winding up his practice and hoped to resolve 10 to 20 open cases so that he could retire without transferring any cases to another attorney.

{¶ 16} The parties stipulated that Peters suffered a series of health problems that left him hospitalized or in a rehabilitation facility from December 2014 until June 2015, more than one month before O'Connor retained him and well before he received the settlement check in the Raynard matter. The parties further stipulated that Peters has had several brief hospitalizations for other physical conditions since July 2015 and that he had not informed O'Connor or David Raynard of his health problems, because he did not believe that they would adversely affect his ability to promptly and diligently handle their legal matters. He denied that his medical conditions had contributed to cause his misconduct, and an assessment conducted by the Ohio Lawyers Assistance Program ("OLAP") did not find any evidence of a substance-use or mental-health disorder, though the assessment report noted the presence of "some short-term memory issues which would be appropriate due to

his age." Therefore, the board declined to attribute any mitigating effect to Peters's medical conditions. *See* Gov.Bar R. V(13)(C)(7).

{¶ 17} The board recommends that we suspend Peters for one year but stay the entire suspension on the conditions that he commit no further misconduct, make restitution to O'Connor and Raynard, comply with OLAP's recommendation that he be evaluated by his primary-care physician (and any other professionals his physician deems necessary) to determine the cause of his short-term memory issues and their effect on his physical ability and mental competence to engage in the active practice of law, and submit proof of his compliance to relator within 90 days of our order.

{¶ 18} The board noted that we have imposed one-year suspensions, fully stayed on conditions, on other attorneys who neglected one to four client matters, failed to reasonably communicate with the affected clients, and in some instances failed to take reasonably practicable steps to protect a client's interests on the termination of the representation—or similar misconduct. *See, e.g., Cleveland Metro. Bar Assn. v. Fonda*, 138 Ohio St.3d 399, 2014-Ohio-850, 7 N.E.3d 1164 (neglect of two client matters, failure to reasonably communicate with those clients, and failure to take steps to protect a client's interests on withdrawal from representation); *Disciplinary Counsel v. Simmonds*, 147 Ohio St.3d 280, 2016-Ohio-5599, 63 N.E.3d 1205 (neglect of two client matters, failure to comply with reasonable requests for information from clients in three matters, and failure to notify a client that she may be entitled to refund of a fee denominated as "earned upon receipt" if the attorney did not complete the representation); *Trumbull Cty. Bar Assn. v. Yakubek*, 142 Ohio St.3d 455, 2015-Ohio-1570, 32 N.E.3d 440 (neglect of four client matters and failure to reasonably communicate with the affected clients).

{¶ 19} The board also noted that we have imposed that sanction on attorneys who engaged in conduct similar to Peters's and who also had prior

discipline that was more serious than an attorney-registration suspension. *See, e.g.*, *Columbus Bar Assn. v. McNeal*, 152 Ohio St.3d 37, 2017-Ohio-8775, 92 N.E.3d 840 (imposing a conditionally stayed one-year suspension on an attorney who neglected a single client matter and failed to reasonably communicate with the affected client after serving a one-year suspension for dishonest conduct); *Mahoning Cty. Bar Assn. v. Hanni*, 145 Ohio St.3d 492, 2016-Ohio-1174, 50 N.E.3d 542 (imposing a conditionally stayed one-year suspension on an attorney who neglected a single client matter and failed to reasonably communicate with the affected client after serving a conditionally stayed six-month suspension for neglecting another client matter and making unsubstantiated allegations of ethical misconduct against a county prosecutor).

**{¶ 20}** Here, Peters neglected and provided incompetent representation in two separate client matters, failed to notify one of the affected clients that he had received funds belonging to the client, failed to deposit those funds into his client trust account, failed to respond to the client's reasonable requests for information, and failed to keep the client reasonably informed about the status of his legal matter. Based on that misconduct, the aggravating and mitigating factors found by the board, and the sanctions we imposed in *Fonda*, *Simmonds*, *Yakubek*, *McNeal*, and *Hanni*, we agree that a one-year suspension, stayed on the conditions recommended by the board, is the appropriate sanction in this case.

**{¶ 21}** Accordingly, John Ivor Peters is suspended from the practice of law for one year, fully stayed on the conditions that he engage in no further misconduct and within 90 days of this court's order (1) make restitution of $7,000 to Mary O'Connor, (2) provide David Raynard with a valid check for his share of the $2,484.61 products-liability settlement, (3) submit to evaluation(s) conducted by his primary-care physician and any other professionals his physician deems necessary to determine the cause of his short-term memory issues and their effect on his physical ability and mental competence to engage in the active practice of

law, and (4) submit proof of his compliance to relator within 90 days of our order in this case. If Peters fails to comply with any condition of the stay, the stay will be lifted and he will serve the full one-year suspension. Costs are taxed to Peters.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Joseph M. Caligiuri, Disciplinary Counsel, for relator.

John Ivor Peters, pro se.

_____